[No. 9993. Department Two. — September 22, 1885.]

JOHN MURPHY, RESPONDENT, *v.* J. D. SNYDER, APPELLANT.

FORCIBLE DETAINER — POSSESSION — LEASE AS EVIDENCE. — In an action for a forcible detainer, a lease to the plaintiff under which he had formerly ⬛ possession of the land in controversy, *held*, admissible in evidence for the pose of showing the extent of such possession, and his right to possession at ⬛ time of the alleged forcible detainer.

ID. — PRACTICE — FINDINGS — CONCLUSION OF LAW. — A direction added by the court to its findings of fact, that judgment be entered in accordance with the findings in favor of the plaintiff for restitution of the premises, and for his costs and disbursements, states a conclusion of law.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order refusing a new trial.

The plaintiff claimed the right of possession under the lease mentioned in the opinion; the defendant under a subsequent lease. The term of the plaintiff's lease had expired at the time of the alleged unlawful entry of the defendant, but the lease

contained a clause giving the plaintiff the privilege of retaining possession of the land on a certain condition which he claimed to have fulfilled. The remaining facts are stated in the opinion of the court.

*Jarret T. Richards, John T. Boyce, R. M. Dillard,* and *Chas. E. Huse,* for Appellant.

*McNulta & Oglesby,* for Respondent.

THORNTON, J. — Action for a forcible detainer. There was no error in admitting in evidence the lease to plaintiff. It was admissible in connection with plaintiff's former possession to show the extent of such possession.

In an action for a forcible detainer the plaintiff is entitled to recover on showing the forcible detainer, and that he is entitled to the possession at the time of such forcible detainer. (Code Civ. Proc. § 1172.) The lease was admissible also to show that plaintiff was entitled to the possession. .

The objections of plaintiff to certain questions asked by defendant of witness Mullaney were properly sustained, as was also the objection to a question asked plaintiff. These questions related to matters which were entirely irrelevant to the issues to be tried.

There was evidence tending to prove the allegations of the complaint.

It is argued that the court below, in giving its decision, stated a conclusion of law. The record shows that after finding the facts the court adds this direction: "Let judgment be entered in accordance with the foregoing findings in favor of plaintiff for restitution of said premises, and for his costs and disbursements in this action."

This, in our judgment, is in substance a conclusion of law stated by the court that the plaintiff is entitled to recover the possession of the premises sued for. It would be yielding too far to mere form to hold that the above is not a conclusion of law.

Judgment and order affirmed.

MORRISON, C. J., and MYRICK, J., concurred.