[L. A. No. 139.   Department Two.—April 27, 1897.]

JOHN B. REA, RESPONDENT, v. ALBERT HAFFEN-DEN ET AL., DEFENDANTS. THE BARONA COM-PANY ET AL., APPELLANTS.

FINDINGS—CONCLUSION OF LAW — ORDER FOR JUDGMENT—APPEAL—SUB-STANTIAL RIGHT NOT AFFECTED.—An order for judgment in accordance with the findings of fact is a sufficient conclusion of law to support a judgment upon appeal, where it is evident that any more specific con-clusions of law must have been in favor of the party for whom judg-ment was ordered; and, in such case, the absence of more specific conclusions is not an error or defect affecting any substantial right for which the judgment should be reversed.

MORTGAGE—DESCRIPTION OF LAND—SURVEY OF MEXICAN GRANT—REFER-ENCE TO GOVERNMENT SECTIONS — MAP. — Although the government authorities do not survey and subdivide lands within a Mexican grant, and there can be no government section of land not established under authority of the United States, yet the owner of a Mexican grant may have the same surveyed and subdivided in the same way as if the grant was part of the public domain; and, where this is done, a mort-gage of land may describe it by the subdivisions thus established, and it is not essential that the map of such survey should be referred to specifically in the mortgage.

ID.—DEFINITENESS OF DESCRIPTION—IDENTIFICATION.—It is only necessary that the description of premises in a deed or mortgage shall be suffi-ciently definite and certain to enable the land to be identified; and it is sufficient if it is possible from the whole description to ascertain and identify the land intended to be conveyed or mortgaged.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*Works & Works,* for Appellants.

The court erred in .failing to find its conclusions of law. (Code Civ. Proc., sec. 633; *Hoagland* v. *Clary,* 2 Cal. 474; *Russel* v. *Armador,* 2 Cal. 305; *Broder* v. *Conklin,* 98 Cal. 360; *Overacre* v. *Blake,* 82 Cal. 77.)     The description in the mortgage as parts of government sections of land included in a Mexican grant was insufficient, as such grants are not a part of the public domain, and subject to survey and subdivision into townships and sections, and any such survey would be without authority of law, and wholly void. (*Ferris* v. *Coover,* 10 Cal. 589; *Shanklin* v. *McNamara,* 87 Cal. 371, 382; *Southern Pac. R. R. Co.* v. *Garcia,* 64 Cal. 515; *Rich* v. *Maples,* 33 Cal. 102, 108; *Aurrecoechea* v. *Sinclair,* 60 Cal. 532, 545.)     Nor can a government section of land exist, or the land be described, by reference to such section until it has been located by an actual survey and establishment of the lines, under the authority of the United States, and the survey has been approved by the proper United States surveyor general. (U. S. Rev. Stats., secs. 2395 et seq; *Robinson* v. *Forrest,* 29 Cal. 318; *Middleton* v. *Low,* 30 Cal. 596, 605; *Bullock* v. *Rouse,* 81 Cal. 590, 594.)     This being so, the mortgage contained no description whatever.     And not containing any description it was not constructive notice to the defendants, who were subsequent purchasers and encumbrancers. (*Rodgers* v. *Cavanaugh,* 24 Ill. 583; *Stewart* v. *Huff,* 19 Iowa, 557; *Port* v. *Embree,* 54 Iowa, 14; *Peters* v. *Ham,* 62 Iowa, 656; *Sanger* v. *Craigue,* 10 Vt. 555; *Banks* v. *Ammon,* 27 Pa. St. 172; *Herman* v. *Deming,* 44 Conn. 124; *Martindale* v. *Price,* 14 Ind. 115; *Murphy* v. *Hendricks,* 57 Ind. 593.)

*McNealy* v. *Whitehead,* for Respondent.

The finding that "judgment and decree be entered accordingly," was sufficient, as it is not necessary to state in the findings the legal conclusions which are stated in the judgment. (*Broder* v. *Conklin,* 98 Cal. 363–4; *Crim* v. *Kessing,* 89 Cal. 488; 23 Am. St. Rep.

491; *Condee* v. *Barton*, 62 Cal. 1; *Brady* v. *Burke*, 90 Cal. 5; *Herrlich* v. *McDonald*, 104 Cal. 553.) The description in the mortgage was sufficient, but even if it were not, it would not prevent a foreclosure, for a mortgagor cannot defeat the foreclosure for that reason. (*Tryon* v. *Sutton*, 13 Cal. 490; *Whitney* v. *Buckman*, 13 Cal. 536; *San Francisco* v. *Lawton*, 18 Cal. 465; 79 Am. Dec. 187.)

BELCHER, C.—This is an action to foreclose a mortgage upon certain real property, executed by the defendant, Albert Haffenden, to secure payment of his promissory note for seven thousand dollars. The complaint alleges that the other defendants have or claim some interest in or liens upon the mortgaged premises, which interests, claims, and liens are all subsequent and subordinate to the lien of plaintiff's mortgage.

Defendant Haffenden suffered his default to be entered. The other defendants by their answers admit the execution of the note and mortgage set out in the complaint, and that they respectively have and claim interests in and liens upon the lands described, but deny that their said interests, claims, or liens, or any of them, are subsequent or subordinate to the lien of plaintiff's mortgage, and allege that the said mortgage is inoperative and void as against them, and each of them, for the reason that prior to the commencement of this action they never had any notice thereof, actual or constructive. They also further allege that plaintiff's cause of action is barred by section 337 of the Code of Civil Procedure.

Upon the issues thus raised the case was tried, and the court found as follows: "1. That the defendants other than the defendant Albert Haffenden, and A. R. Schulenburg, as administrator of the estate of Frederick Schulenberg, deceased, claim an interest in the lands described in the plaintiff's complaint, and the said Frederick Schulenburg acquired a lien on said lands, but that any and all interest, lien, or claim which the defendants or either of them have, or which Frederick

Schulenburg acquired in his lifetime, in, to or upon the lands, described in plaintiff's complaint, were acquired subsequent to the mortgage set out in plaintiff's complaint, and with notice thereof, and that the same is subordinate to said mortgage and subject thereto; 2. That the plaintiff's cause of action is not barred by section 337 of the Code of Civil Procedure of the state of California, or otherwise. Let judgment and decree be entered accordingly." The findings were filed July 2, 1895, and on the same day the decree of foreclosure, signed by the judge and containing the usual recitals, was also filed.

From that decree and an order denying a new trial this appeal is prosecuted. Only two points are made for a reversal.

1. It is claimed that no conclusions of law whatever were found or stated, and that this constituted a fatal defect in the proceedings of the court below, and hence there was no basis to support the judgment.

The Code of Civil Procedure contains the following provisions:

"Upon the trial of a question of fact by the court its decision must be given in writing and filed with the clerk," etc. (Code Civ. Proc., sec. 632.)

"In giving the decision the facts found and the conclusions of law must be separately stated." (Code Civ. Proc., sec. 633.)

In *Murphy* v. *Snyder*, 67 Cal. 451, which was an action for forcible detainer, and involving the same point, the court said: "It is urged that the court below in giving its decision stated no conclusion of law. The record shows that after finding the facts the court adds this direction: 'Let judgment be entered in accordance with the foregoing finding in favor of the plaintiff for restitution of said premises, and for his costs and disbursements in this action.' This, in our judgment, is in substance a conclusion of law that the plaintiff is entitled to recover the possession of the premises sued for.

It would be yielding too far to mere form to hold that the above is not a conclusion of law."

So in *Miller* v. *Hicken*, 92 Cal. 229, which was an action to foreclose a mortgage, the court said: "It is objected that the court did not find in terms that the defendants and intervenor had not 'constructive' notice of plaintiff's mortgage; but that followed from the facts found, and it is immaterial that the court did not make an express 'conclusion of law' to that effect.

Following in line with these decisions, we think the words added to the findings of fact in this case, "Let judgment and decree be entered accordingly," must be held to be a sufficient statement of the conclusions of law. But if it were otherwise, still it is apparent that if more specific conclusions of law had been stated they must have been in favor of the plaintiff, and hence that the error or defect did not affect the substantial rights of the defendants or furnish any ground for reversal.

Section 475 of the Code of Civil Procedure declares: "The court must in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

2. It is claimed that plaintiff's mortgage was invalid for want of a description therein of any real estate; that in effect it contained no description whatever; that the attempted description was so insufficient that it afforded no basis for a decree of foreclosure, and gave no notice to the defendants, who were subsequent purchasers and incumbrancers.

This claim is based upon the theory that the land attempted to be described was a part of a Mexican grant, and was described as if it had been a part of the public domain which had been legally surveyed and subdivided under the authority of the United States; that the government authorities never sectionize the lands within a Mexican grant, and if the same are surveyed

and subdivided at all, it is never by government sub-divisions, but by numbered lots; and hence that the at-tempted description was wholly void.

The description found in the mortgage is as follows: "All that certain piece or parcel of land, situate in the county of San Diego, state of California, bounded and described as follows, to wit:    The northeast quarter of section twenty-three (23), the fractional south half of section twenty-three (23), the northwest quarter of sec-tion twenty-three (23), the fractional north half of section twenty-four (24), and the fractional northwest quarter of section twenty-six (26), all in township fourteen south, of range one east, San Bernardino meridian, being all that portion of said sections included within the limits of the Rancho Cañada de San Vicente y Mesa del Padre Barona."

At the commencement of the trial, counsel for appel-lants stipulated that the mortgage described in the com-plaint was filed for record in the recorder's office of San Diego county, on a day named, and was thereafter duly recorded, and that any interests which appellants, or either of them, had acquired in the lands described in said mortgage were acquired subsequent to the re-cording thereof.

It appears that after the making of the plaintiff's mortgage, the mortgagor, Haffenden, executed to the defendant, Thomas J. Daley, a deed of the same land, and by the same description, containing a recital that the conveyance was "subject to a mortgage of seven thousand dollars, given to J. B. Rea"; and that all of the other defendants subsequently acquired from Daley or his grantees, by deeds or mortgage containing the same description, whatever estate or interest they had in the said premises.    To the description in some of these subsequent deeds were added the words "as sur-veyed by Vitus Wackenreuder," and to the description in the mortgage to Schulenberg were added the words, "according to the map of said rancho made by Vitus Wackenreuder, A. D. 1869."

Following the introduction in evidence of the said conveyances, and the objections of defendants that they were inadmissible, counsel for plaintiff stated that he was "willing to admit that Vitus Wackenreuder made a survey in 1869, by which he subdivided the interior of that ranch according to government sections." Counsel for defendants then stated: "We do not admit that he did it according to government sections. We will admit that his map indicated sections, but we do not admit that the sections connected with the government sections, or that you could locate the same land by reference to sections connecting with the government sections outside, for our information is that they do not connect."

It must be assumed then, we think, that the rancho referred to was a Mexican grant which was surveyed and sectionized, and a map thereof made by Wackenreuder, and that the descriptions found in the plaintiff's mortgage and in the defendants' deeds and mortgage were based upon that survey and map, and were of subdivisions as shown and established thereby.

The question, then, is, Were these descriptions void for uncertainty? We do not think they were. It is true that the government authorities do not survey and subdivide lands within a Mexican grant, and that there is and can be no goverment section of land until it has been located by an actual survey and establishment of the lines under the authority of the United States. (*Robinson* v. *Forrest*, 29 Cal. 325; *Middleton* v. *Low*, 30 Cal. 605; *Bullock* v. *Rouse*, 81 Cal. 594.) But, while this is so, still there is no reason why the owners of a Mexican grant may not have the same surveyed and subdivided in the same way that it would be if it were a part of the public domain. And where the owners have adopted the government method of surveying and subdividing their land, and have caused a map to be made showing such subdivisions, a description in accordance with the survey so made must be held sufficient.

It is only necessary that the description of premises

in a deed or mortgage be sufficiently definite and certain to enable the land to be identified. "A deed is not void for uncertainty because there may be errors or an inconsistency in some of the particulars. If a surveyor, by applying the rules of surveying, can locate the land, the description is sufficient. And, generally, the rule may be stated to be that the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. . . . . If the description is general, the particular subject matter to which the description applies may be ascertained by parol evidence, and the deed will not be held void for uncertainty if, with the aid of such evidence, the land intended to be conveyed can be located." 2 Devlin on Deeds, 2d ed., sec. 1012; and, see, *McCullough* v. *Olds*, 108 Cal. 529.)

It is objected that the map was not referred to in the description contained in plaintiff's mortgage, and that such a reference was necessary. This objection cannot, in our opinion, be sustained. The map might have been referred to as it was in the Schulenburg mortgage, but the failure to refer to it was not a fatal defect. That there was a map, must have been known by all the parties, and all the transactions must have been had in view of it.

Our conclusion is that the judgment and order appealed from should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.