[Civ. No. 979. First Appellate District.—August 14, 1912.]

A. ANDERSON and JOHN LEHTO, Respondents, v. MARGARET E. BLEAN and JOHN WEITZEL, Appellants.

MECHANICS' LIENS—FORECLOSURE—VOID CONTRACT—REASONABLE VALUE OF SERVICES.—A complaint in an action to foreclose mechanics' liens, which proceeds upon the theory that the contract between the owner and the contractor is void, and seeks to recover the reasonable value of the services rendered, and alleges that there is sufficient money in the hands of the owner to pay all claims, is not subject to a general demurrer by reason of the latter allegation.

ID.—JOINDER OF CAUSES OF ACTION ON SEVERAL LIENS IN ONE COMPLAINT—PROPER SETS OF FINDINGS.—Where causes of action on several mechanics' liens are joined in one complaint, it is proper for the court to make a single set of findings so far as based on allegations common to each cause of action, and to make separate findings upon each matter which is peculiar to any one cause of action.

ID.—CONCLUSIONS OF LAW—DIRECTION FOR JUDGMENT—REVIEW UPON APPEAL.—Where the findings of fact and conclusions of law end with a direction for judgment, it is held that such direction is a sufficient conclusion of law to support the judgment, especially where it is clear that more specific conclusions of law must have been in favor of the plaintiff. In such case, any omission in the conclusions is merely as to matter of form, and would not warrant a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

W. B. Rinehart, for Appellants.

C. L. Colvin, for A. Anderson, Respondent.

Austin Lewis, for John Lehto, Respondent.

KERRIGAN, J.—This is an action to foreclose several mechanics' liens. The appeal is from the judgment alone, and is brought to this court solely upon the judgment-roll.

In October, 1907, defendant John Weitzel entered into a contract with defendant Margaret E. Blean, under the terms of which he was to construct a building on land belonging to her situated in Alameda county. This contract was in writing "and a portion thereof without the plans and specifications was recorded."

In November, 1907, defendant Weitzel entered into an agreement with Panttaja, Latonen & Juniki, copartners, whereby said copartners were to construct the building in accordance with the contract between Weitzel and Blean. This contract was in writing, but was not recorded. The building, however, was constructed by said firm according to agreement, and notice of completion was regularly prepared and filed. The members of this firm were made defendants in this action but apparently no judgment was sought or taken against them. There were two actions brought to foreclose liens on the property involved, which, pursuant to an order of the trial court, were consolidated.

The complaint filed by plaintiff Anderson embraces five separate causes of action, one of which is for services rendered by Anderson himself and the others are for services rendered by four assignors of Anderson. The other complaint was filed by the plaintiff John Lehto, and is for labor performed by him as a carpenter under employment by said copartners.

Judgment went for the plaintiffs, Anderson recovering the sum of $337.90 and costs, and Lehto being awarded the sum of $49.50 and costs.

The case is well briefed, but the points presented are highly technical, and none of them in our opinion warrants the reversal of the judgment.

A general demurrer was filed by the defendants Blean and Weitzel to each of the several causes of action set forth in the complaint filed by Anderson, and defendants contend that the trial court erred in not sustaining that demurrer.

In each of the causes of action alleged by said Anderson he proceeds apparently upon the theory that the contract between Weitzel and the owner to construct the building was void, and he seeks to recover the reasonable value of the services ren-

dered, while he also states in another part of his complaint that there is sufficient money in the hands of the owner Blean to pay all claims against the building. In support of their demurrer it is objected by the defendants to this method of pleading that said plaintiff is in a position to recover whether the contract be void or valid, but we see nothing wrong in this. For aught that appears in the record, this plaintiff has simply alleged the actual facts, i. e., that part only of the contract between the owner and Weitzel was recorded, and that there was a sufficient sum of money in the hands of the owner to pay all claims and liens against the property. If these are the facts of the case the plaintiff had a perfect right to allege them in one cause of action, and to leave the validity of the contract to the judgment of the court. If the complaint contained two causes of action not separately stated, or if it was uncertain in any respect, it was amenable to a special demurrer, but such defects in the pleading afford no ground of general demurrer.

Defendants' next point is equally without merit. The court "embraced its decision in a single set of findings," and it made but one finding as to each matter which was common or applicable to all the causes of action in both complaints, and it made a separate finding for each matter peculiar to or applicable only to any one cause of action. For example, the court made but one finding that there remained in the hands of the owner a sufficient sum of money to pay all claims against the building; and a separate finding in each cause of action as to the amount due each claimant and lienholder.

This is according to the approved practice. Certain it is that in a divorce case, for example, one finding that the plaintiff and defendant are husband and wife would be sufficient where the divorce was granted upon several grounds. It would not be necessary in that case to repeat in the findings that plaintiff and defendant were husband and wife, nor was it necessary, we think, in the case at bar to repeat in the finding matters which were common to two or more causes of action. To have made a complete and separate set of findings for each cause of action would have been needless repetition, and would have retarded an examination of the record. (*Willamette Steam Mills Lumbering Co. v. Los Angeles Col-*

*lege Co.,* 94 Cal. 229, [29 Pac. 629] ; *Marble Lime Co.* v. *Lordburg Hotel Co.,* 96 Cal. 332, [31 Pac. 164].)

Defendants also assert that the court failed to state as a conclusion of law that Anderson was entitled to a lien.

The findings of fact and conclusions of law end with the statement or direction that a judgment be entered in accordance therewith. Such statement alone has several times been held to be a sufficient conclusion of law. In *Rea* v. *Haffenden,* 116 Cal. 596, [48 Pac. 716], the court held that a mere direction of judgment following the findings of fact was a sufficient conclusion of law to support a judgment on appeal, where, as here, it is clear that any more specific conclusions of law must have been in favor of the plaintiff. Such being the case, the omission in the conclusions of law was merely as to a matter of form, and therefore would not warrant a reversal of the judgment.

There are two more assignments of error made by the defendants. In one defendants urge that the court should have made a finding of fact as to whether or not the contract between Blean and Weitzel was void or valid. This presents the same question as that first considered in this opinion, and is disposed of by what is there said. The other point is as to an inconsistency between two certain findings of fact, and is too finely drawn and inconsequential to merit serious consideration.

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.