[Civ. No. 4066. Third Appellate District.—April 23, 1930.]

C. LUTHER LOWE et al., Respondents, v. LAURA E. PENN, Defendant; CORA JAKOBSEN, etc., Appellant.

J. Everett Brown for Appellant.

Benjamin Kirby and Flint & McKay for Respondents.

FINCH, P. J.—This is an appeal by the defendant from the judgment entered herein quieting the plaintiffs' title to a city lot in the city of Los Angeles.

Appellant contends that there are technical defects in the plaintiffs' chain of title, but it is not necessary to consider them, as the plaintiffs made a sufficient showing of title without the aid of the instruments claimed to be defective. The property was conveyed to the plaintiffs on November 17, 1923. During the following year the plaintiffs leased a part of the lot and the tenant paid them rent therefor. They also leased a part of the property to another tenant and received rent therefor. They exercised other acts of ownership over the lot and paid taxes thereon. It is a disputable presumption "that a person is the owner of property from exercising acts of ownership over it." (Code Civ. Proc., sec. 1963, subd. 12.) In the absence of any evidence tending to overcome the presumption it is of sufficient weight to warrant a judgment quieting title in favor of the person exercising such acts of ownership. (*Pearson* v. *Hellman Commercial etc. Bank,* 199 Cal. 305 [249 Pac. 10].) There is not the slightest evidence in this case tending to overcome the presumption. It follows that the evidence is sufficient to support the findings and judgment and that the

defendant's motion for a judgment of nonsuit was properly denied.

■ The only other point urged by the appellant is that the trial court erred "in sustaining objections of plaintiffs to offer of defendant's maps and assessments." Having identified a record of street assessments, the defendant offered in evidence "the map which appears between pages 160 and 161, and the printed matter on that page; also the fly-leaf on page 161," showing an assessment against lot 73 which did not appear to have been paid. Counsel for the plaintiffs objected on the ground, among others, "that it is not shown that the defendants are interested in any portion thereof." The court thereupon said: "The defendant cannot prove his defense all at the same time. I am assuming, of course, that the defendant will connect it up." The court thereafter repeatedly asked counsel for the defendant whether he expected to show that the defendant had any claim under the assessment, but counsel declined to so state. The court finally said: "I don't want to waste the time of this court having records introduced unless you tell me that you expect to connect them with your clients and show that your clients had some claim under that assessment; if you do, I will overrule it; if not, I will sustain it." Counsel for the defendant, still declining to state whether he expected to make such connecting proof, the court sustained the objection and no further proof was offered by the defendant. For the reasons stated by the trial court, the ruling was eminently proper. There is nothing in the record to show whether the evidence offered was relevant or material to any issue in the case and the objection thereto was properly sustained upon counsel's refusal to state whether it would be followed by other evidence showing its relevancy or materiality. (24 Cal. Jur. 760; 2 Cal. Jur. 275; *People* v. *Singh,* 182 Cal. 457, 482 [188 Pac. 987]; *Snowball* v. *Snowball,* 164 Cal. 476, 479 [129 Pac. 784]; *Shasta Lumber Co.* v. *McCoy,* 85 Cal. App. 468, 474 [259 Pac. 965]; *Merz* v. *Poole,* 82 Cal. App. 12, 15, [254 Pac. 914]; *Pedrow* v. *Federoff,* 77 Cal. App. 164, 178 [247 Pac. 212].)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 23, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1930.