[Civ. No. 4100.   Third Appellate District.—May 26, 1930.]

W. S. TABLER, Respondent, v. CLAUDE HARLIN et al., Defendants; J. A. McCADDEN, Appellant.

J. Edward Keating and Theodore E. Bowen for Appellant.

Wood & McArthur for Respondent.

THOMPSON (R. L.), J.—The complaint in this action is based upon allegations of damages resulting from the breach of a contract to employ five men in the drilling of an oil-well near King City. The complaint contains five counts. It is alleged in the first cause of action that on August 20, 1924, the defendant McCadden employed the plaintiff as an oil driller until the oil-well was completed, for the agreed compensation of $12 per day and $1.50 a day additional in lieu of the cost of board, together with other conditional consideration which is immaterial for the purposes of this appeal; that the plaintiff was actually engaged in the performance of his work from the date of employment to October 17, 1924, a period of fifty-seven days; that on the last-named date said defendant, without cause, discharged the plaintiff and refused to permit him to continue his employment; that no part of the consideration for his services was paid; that the plaintiff demanded of the defendants that he be reinstated and that he be paid the agreed consideration, which was refused. Allegations identical with those of the first count were recited in the other four causes of action with reference to similar employments of four other men, whose claims for services were duly assigned to the plaintiff. The employment, the period of service and the consideration were alleged to be the same in each cause, except that three of the assignors were to receive but $9.50 per day. Each of the four assignors, whose causes of action were separately stated, was also dis-

charged without cause. Damages for breach of the contract of employment is claimed in each instance.

Upon the trial the court adopted the following finding of fact only: "That all the facts alleged in the complaint herein are true except the allegations of the amount of damages and as to those allegations the court finds that plaintiff has sustained and is entitled to damages by reason of the premises in the sum of Eighteen Hundred Dollars ($1800.00)." Judgment was entered for this sum against the defendant McCadden, from which he has appealed upon the judgment-roll alone.

A reversal is urged on the ground that the findings are uncertain and inadequate to support the judgment.

We are of the opinion that the findings are sufficiently explicit to support the judgment. In support of the judgment, in the absence of the transcript of testimony, this court must assume there was ample proof of the employment of the workmen upon the terms alleged, the agreement as to the consideration, the failure to pay the same and the discharge of the men without cause. Disregarding all other elements of damage for a breach of the contract except the unpaid wages of the five workmen, it will be observed that two of them were entitled to $769.50 each, and the other three to $541.50 each. The complaint alleges damages for the nonpayment of wages alone in the aggregate sum of $3,163.50.

It is argued that the findings are uncertain and inconsistent in that it is therein determined by the court that "*all of the facts* alleged in the complaint herein are true," which would infer that at least $3,163.50 damages were due and it cannot be determined what claims or portions of the foregoing aggregate sum are not due, since the court rendered judgment for only the sum of $1800. But the court made an exception to the foregoing omnibus finding of fact as follows: "except the allegations of the amount of damages," which was found to be $1800. This court may then assume for the purpose of supporting the judgment that the evidence adequately shows a satisfaction of the wages and other alleged consideration for employment, except the sum of $1800. It does not concern the appellant how this sum may be divided among the workmen.

Their claims were duly assigned to the plaintiff and this judgment will bind each of the assignors.

It is unnecessary to adopt separate findings for different causes of action which are properly united provided general findings adequately cover the material allegations of all the counts. (*Anderson* v. *Blean,* 19 Cal. App. 581 [126 Pac. 859].) It is uncertain and inadequate to find that all of the material allegations of a complaint are true for the obvious reason that it is impossible to determine what particular facts the court deems material. (*Gordon* v. *Beck,* 196 Cal. 768 [239 Pac. 309].) In the present case, however, no such uncertainty exists. All the facts which are alleged in each of the counts of the complaint are found to be true, except the amount of damages which is claimed. Damages in an aggregate sum may be properly found by the court. (8 Cal. Jur. 878, sec. 120; *Murphy* v. *Stelling,* 8 Cal. App. 702 [97 Pac. 672].) When the allegations of a pleading are specific and certain, a general finding, by reference to the pleading, that all of the statements are true is sufficient to support the judgment. This rule has been approved in many authorities of this jurisdiction. (*Fritz* v. *Mills,* 170 Cal. 449, 459 [150 Pac. 375] ; *Ferguson* v. *Koch,* 204 Cal. 342, 348 [58 A. L. R. 1176, 268 Pac. 342] ; *MacMurtry* v. *Fraties,* 84 Cal. App. 401 [258 Pac. 120].)

The judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 24, 1930.