[Civ. No. 6684. Third Dist. Apr. 29, 1942.]

ANDERSON-COTTONWOOD IRRIGATION DISTRICT, Respondent, v. H. M. ZINZER, Appellant.

Chas. L. Gilmore for Appellant.

L. C. Smith and Alfred E. Frazier for Respondent.

DEIRUP, J. pro tem.—Plaintiff brought this action to quiet title to a parcel of land in Shasta County described as follows:

"Commencing at the southerly end of the dam of the Anderson, Cottonwood Irrigation District at the confluence of the Sacramento River and the intake canal of said District; thence in an easterly direction, following the water line of the Sacramento River to the point of the confluence of the Sacramento River and the Anderson-Cottonwood Irrigation District Canal; thence in a general westerly direction along the northerly bank of said Canal to the point of beginning;

excepting therefrom so much thereof as belongs to the State of California for highway purposes; containing six acres, more or less.''

It is alleged in the complaint that the plaintiff is a public corporation; that it is now, and for a long time has been the owner and in possession of the land; that the land constitutes, and for many years has constituted a part of the operative property of plaintiff as an essential part of its intake canal; that the defendant has occupied a portion of the premises, and, without right, asserts an interest. The answer admits that plaintiff is a public corporation, and that defendant claims an interest, but alleges that he is the owner of the land, and that the action is barred by the statute of limitations. The trial court found for plaintiff, and defendant appealed.

Resolving conflicts in the evidence in favor of the findings of the court, it appears that the land is an island in the sense that the water in the Sacramento River and the canal surround it but that it has not been a natural island in the river for many years, if ever. It was a part of the mainland, but was cut off by a high slough through which water flowed only at times of high flood. This slough was deepened by a former owner for irrigation purposes, and was known as the ''Wheel Ditch.'' However, the land was called an island, and it is convenient to designate it in this manner. It lies in an easterly and westerly direction, relatively narrow in comparison with its width, and is of little value for farming.

Plaintiff acquired the land from John Diestelhorst in 1916, for the purpose of taking water from the Sacramento River and conducting it through a canal to the mouth of a tunnel; thence to the irrigable lands within the district. It constructed a dam across the river with one end at the westerly point of the island to divert the water, dug a canal along line of the ''Wheel Ditch,'' and built a diversion dam and headgates in the canal near the easterly point of the island, and a tunnel to convey the water into the distribution system. The lower end of the canal, between the headgates and the river serves as a spillway to release excess water into the river. The island has been an essential part of plaintiff's distribution system ever since the works were completed in 1917. The land has been a barrier between the river and the canal, and a means of ingress to, and egress from, the various structures for the

purpose of adjusting and repairing them. It has also been used as a place for the deposit of material whenever it was necessary to clean out the canal.

■ The defendant first went upon the premises in 1932, and in 1933, he built a small house. He has lived on the island ever since, doing little in the way of improvement, other than clearing a space for a small garden. It is the contention of counsel for appellant that the possession was hostile and adverse. This does not appear clearly from the evidence, and the court found that it was permissive. It is in evidence that at one time he posted a no-trespass notice; that he raised a garden; that he objected to material from the canal being dumped on his watermelon patch, and that the employee of the plaintiff moved his drag-line and put the material in another place. He attempted to locate the land for mining purposes, but his notice was hopelessly defective, and the land was not open to location. He made no objection to the use of the land by the plaintiff for its purposes; thus the defendant's possession was not exclusive of that of the plaintiff. It was not until 1938 that he asserted any title to the land. We think that the court was well warranted in finding that the possession of the defendant was not adverse. But if it had been, he could not have acquired title by prescription, because in 1935, before the five-year period had elapsed, it became the law that such a title cannot be acquired as against an irrigation district and other public agencies. (Civ. Code, § 1007.)

It follows that the defendant is a mere trespasser. Nevertheless it was necessary for the plaintiff to show title in itself.

■ Plaintiff introduced in evidence a deed from John Diestelhorst who, with his father, had occupied the land for forty years. It is clear from the description in the deed and the evidence in this case that it was the property in dispute, and not other property, that was conveyed. In the description there are references to the "Diestelhorst Farm" near Redding; the slough known as the "Wheel Ditch" and an area of land known as the "Island" situated in the Sacramento River between the river and the Wheel Ditch. The grantor conveys all his right, title and interest in this "Island," describing it more particularly by metes and bounds. The sufficiency of the description is questioned by the defendant, but no suggestion has been made that any other parcel of land in Shasta County answers to it. "It is only necessary that the description of premises in a deed or mortgage be suffi-

ciently definite and certain to enable the land to be identified."
(*Rea* v. *Haffenden,* 116 Cal. 596 [48 Pac. 716].) Land con-
veyed by grant may be described by name. (*Smart* v. *Peek,*
213 Cal. 452 [2 P. (2d) 380]; *Murray* v. *Tulare Irr. Co.,*
120 Cal. 311 [49 Pac. 563, 52 Pac. 586]; *Hitchcock* v. *Love-
lace,* 47 Cal. App. (2d) 818 [119 P. (2d) 151]; Civ. Code,
§ 1092.) The "Island" was therefore conveyed to the plain-
tiff. ■ In any event, plaintiff took possession of the property
and exercised acts of ownership over it. This created a dis-
putable presumption of sufficient weight to warrant a judg-
ment quieting title. (Code Civ. Proc., § 1963, subd. 12; *Lowe*
v. *Penn,* 105 Cal. App. 366 [287 Pac. 509].)

■ Counsel for appellant asserts, however, that the deed was
not received in evidence for the purpose of proving the title,
but only for the limited purpose of serving as a basis for
proof of title founded on a written instrument. It is true
that the plaintiff relied in part, at least, on a prescriptive
right. By introducing the deed it brought its claim within
the provisions of sections 322 and 323 of the Code of Civil
Procedure, so that proof of the ordinary use of the occupant
would be sufficient and all of the property described in the
deed, rather than a part of it, would be deemed to have been
possessed and occupied.

We have already detailed the use to which the property
was put by the plaintiff. It was an essential, continued use
for the purposes of the plaintiff, and was exclusive and open
and notorious for fifteen years before the defendant went upon
the property.

■ It is claimed further by the appellant that plaintiff failed
to establish a title by prescription because it did not prove
that it had paid the taxes upon the property. There is nothing
in the record to show that taxes were assessed. If they were,
they were assessed illegally and could not have been collected,
for an irrigation district is not subject to taxation of property
used by it in a governmental capacity. (*Anderson-Cotton-
wood Irrigation District* v. *Klukkert,* 13 Cal. (2d) 191 [88
P. (2d) 685]; *Turlock Irrigation District* v. *White,* 186 Cal.
183 [198 Pac. 1060, 17 A. L. R. 72]; *Reclamation District
No. 551* v. *County of Sacramento,* 134 Cal. 477 [66 Pac. 668].)

Counsel for appellant insists that the description of the
property in the complaint and in the judgment is too indefi-
nite to entitle the plaintiff to any relief. It is true that one

cannot follow the description on paper and thereby determine what land is in dispute. But anyone could find the end of the plaintiff's dam in the Sacramento River and the intake of plaintiff's canal; and having done this, he could not fail to follow the lines of the property.

There is no merit in the contention of counsel for appellant that the complaint is insufficient in that it does not set out the facts that must be proven to establish title by prescription. A complaint in the ordinary form, such as the one that was filed in this action, permits proof of title by adverse possession as well as a record title. (*Williams* v. *San Francisco,* 24 Cal. App. (2d) 630 [76 P. (2d) 182].)

The judgment is affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 25, 1942. Carter, J., did not participate therein.