[Civ. No. 4053. Third Appellate District.—February 11, 1931.]

BOOJA SINGH, Respondent, v. H. S. WHITE, Appellant.

Marvin C. Hix for Appellant.

Ralph H. Lewis for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—The plaintiff had judgment against the defendant for the principal and interest due upon a promissory note executed by the defendant and delivered to the plaintiff, which note is in the following words and figures, to wit:

"1400.00                                        September 25/28

"For value received I promise to pay to Bujah Singh Fourteen Hundred 00/100  1400.00.  In ninety days from date at West Island, Calif.

"H. S. White

"This note is to cover labor bill in full for all Hindu help."

From the judgment in favor of the plaintiff the defendant appeals.

The record shows that an answer was filed by the appellant which, among other things, alleges that the note was secured by fraud and misrepresentation, and that at the time of the execution of the note, items aggregating the sum of $1344.72 were paid by the defendant for the uses and purposes of the plaintiff, and were not taken into consideration in the settlement of an account which terminated in the

execution of the note sued upon. The record shows that H. S. White was the owner of certain lands situate on what is known as West Island, in the San Joaquin River; that the plaintiff, during the years 1927 and 1928, the period involved in this action, had been in the employ of the defendant, operating the farm lands referred to. The record further shows that in September, 1928, the plaintiff and the defendant had a settlement of accounts, and at the time of the settlement the accounts showed a balance due in favor of the plaintiff in the sum of $1,410.21, and that at said date, to wit, September 25, 1928, the defendant executed and delivered to the plaintiff the promissory note sued upon in this action.

The allegations of the defendant's answer are to the effect that subsequent to the first day of April, 1927, the defendant paid to plaintiff, either in cash or in cash paid to third parties, for and on behalf of the defendant, the following items: $600.17 to Gianelli Company at Stockton; to various persons, cash in the sum of $626.30; for doctors and hospital bills, $63.25; and cash to the plaintiff in the sum of $55; aggregating, as we have stated, the total sum of $1344.72, and that these various payments were not taken into account at the settlement had between the plaintiff and the defendant on September 25, 1928. At the time of the settlement it appears that various papers, vouchers, checks and bills were in the possession of the plaintiff and the defendant, and were used by them in making up the statement of account appearing in the transcript. This statement was made out by the defendant, he copying items from the various papers had by the parties covering the transactions between them. This statement of account, made out by the defendant, shows an indebtedness on the part of the defendant to the plaintiff in the sum of $1410.21. To cover this indebtedness, the $1400 note was executed. The defendant's testimony as to this statement is as follows: "We figured it all up, of course; subsequently, straightened it out; deducted the amount that we claimed was not coming. It was in my handwriting, at Tara Singh's place of business; that was the last settlement; I cannot tell you the date; I gave him all my deductions; approximately all the time was considered from one date to another without deducting for the times of absences, and the second sheet of exhibit 2 (the account referred to), is the account of Tara

Singh's conclusions and myself, as I went over the whole thing.''

It is further claimed on the part of the appellant that Booja Singh was absent from the farm at different times, and that no deduction was made for such absences. The testimony, however, when fairly considered, justified the conclusion of the trial court that whenever the plaintiff was absent from the ranch, he had a man working in his place, and that only the services or labor of one person was charged for during such period. This, of course, if believed by the trial court, eliminated all questions of deductions for absences from the farm.

In relation to the various items claimed as deductions by the defendant, aggregating $626.30, we find only the following in the transcript: ''There was then offered and admitted in evidence a group of papers, being the itemized accounts of said sum of $626.30, and marked 'Defendant's Exhibit 3.' '' These papers do not appear in the transcript. Exhibit 3 is absent, and we have no means of knowing what items are covered thereby. The same is true of defendant's exhibit 1, being a number of checks payable to Booja Singh, and the record does not show for what purpose any of these checks were executed, exhibit 1 not being included in the transcript.

It is further alleged on the part of the defendant that at the time of the execution of the promissory note for $1400, the plaintiff stated that they would have a further settlement, and that the matter would be straightened out.

Tara Singh, a witness on the part of the plaintiff, testified that he is an interpreter and was acquainted with both the plaintiff and the defendant; that he figured up the accounts, and that he ''figured pretty near $1400.00 was due Booja at the time''. This witness testified that he did not make any deductions for Booja's absence. There is no showing whatever in the record that the note was the result of either fraud or misrepresentation. The whole case was tried upon the theory as to whether the defendant had any offsets as against the promissory note sued upon. There is no pretense that there was any payment, other than by way of the alleged offsets which we have been considering. This being true, the appellant's objection that the plaintiff did not testify specifically that the note was unpaid, is without merit.

■ It is further contended on the part of the appellant that there is no contradiction of the defendant's testimony as to the payment of the items which we have been considering. This contention, however, overlooks the direct testimony of the defendant himself, where he says, "I gave him all my deductions." The statement made out by the defendant shows deductions in his favor in the sum of $4,681.29. This amount of credit to which the defendant was entitled may have been made up exclusively of labor items, but there is nothing in the record from which we can conclude that such is the case, nor is there anything in the record which would justify us in concluding that the trial court should not have accepted the statement of the defendant that he had given all of his deductions to the plaintiff at the time of the execution of the promissory note, rather than accept the defendant's statement that he had omitted the items in the amounts which we have mentioned. In fact, it is hardly conceivable that in making up credits to the amount of $4,681.29, the defendant should have overlooked items aggregating $1344.72. At least the defendant was a witness before the trial court and it was for the trial court to determine what statements of the defendant were worthy of belief, if at all.

Considerable attention has been given by counsel with respect to the circumstances and conditions under which testimony may be given to vary the terms of a written instrument. It would serve no useful purpose to review these cases. ■ The law is well established that the consideration may always be inquired into between the parties to a written instrument, and that the presumption that the instrument is supported by a valid consideration may be rebutted by testimony showing that there was no consideration.

If the testimony in this case, so far as the record sets it forth, supporting the conclusions reached by the trial court, was accepted by the trial court as being the true version, then and in that case all of the material findings of the trial court are sufficiently supported by the testimony. This being true, a further discussion of the alleged errors committed by the trial court would serve no useful purpose.

The judgment is affirmed.