[L. A. No. 5326. Department Two.—December 1, 1919.]

## FLORENCE M. WOODHEAD, Respondent, v. J. H. WILKINSON, Appellant.

[1] NEGLIGENCE—AUTOMOBILE ACCIDENT—INTERFERENCE WITH VISION—FINDING.—In an action for damages for personal injuries received by plaintiff from being run over by an automobile negligently driven by defendant while plaintiff was walking on the right side of the highway, and outside the paved portion thereof, after having alighted from her car for the purpose of assisting defendant who appeared to be having some trouble, a finding upon the allegation in the answer that the glare upon the glass windshield of defendant's machine from the lights of a machine behind him interfered with his vision is covered by the finding that the vision of defendant through the windshield of his machine was "obscured" by the reflection of the headlight of a machine approaching from his rear.

[2] ID.—STOPPING OF CAR—DISTANCE—FINDING.—In such action, a finding upon the allegation in the answer that defendant had almost stopped when he first saw plaintiff about thirty feet behind her car was unnecessary, where it was found the real distance was fifteen feet.

[3] ID.—PURPOSE IN STOPPING—FINDING UNNECESSARY.—In such action, a finding upon the allegation in the answer as to defendant's purpose in stopping was unnecessary, for no purpose, however benevolent, excuses negligence.

[4] ID.—SHADING OF EYES BY HAT—LOOKING THROUGH LOWER PART OF WINDSHIELD—FINDING UNNECESSARY.—A finding upon the allegation in the answer in such a case that defendant was making every effort to avoid the accident by shading his eyes with his hat and peering through the lower part of his windshield was unnecessary, as the same was covered by the general finding of negligence, and the finding of negligence in not looking around the end of the windshield.

[5] ID.—CONTRIBUTORY NEGLIGENCE—FINDING.—In such action, the alleged contributory negligence of the plaintiff was covered by the finding that the negligent acts and omissions of defendant were the sole and proximate cause of the injuries.

[6] ID.—DUTY TO SOUND WARNING OF APPROACH—GLARE OF HEADLIGHT—DEFENDANT NOT RELIEVED BY.—The defendant was not relieved from the duty of sounding his horn from the mere fact that plaintiff could see the glare of defendant's headlight, in view of the rule of section 20 (a) of the law of 1915, for while such glare apprised her of defendant's approach, it did not apprise her that he was leaving the paved portion of the road.

[7] ID.—FAILURE TO LOOK AROUND END OF WINDSHIELD—FINDING.—
    In such action, the defendant cannot complain of the finding that
    he failed to look around the end of his windshield when he found
    that his vision was obscured.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Vincent Hannon, Joseph E. Hannon and W. A. Garrett for Appellant.

Stephens & Stephens and Frank Dougherty for Respondent.

MELVIN, J.—Plaintiff sued for damages for personal injuries, charging defendant with negligently driving an automobile over her.

The action was tried by the court without a jury. Judgment was for damages in the sum of one thousand five hundred dollars.

The facts as found were substantially as follows:

On the evening of November 14, 1915, plaintiff had been driving her motor car on the state highway near Ontario, in the county of San Bernardino. Her attention and the notice of her guests in the automobile, had been attracted by the shouts and actions of the defendant, who was in a car that had stopped at the side of the road, and after proceeding about a quarter of a mile she had stopped at the request of her father, who, believing that defendant and his companions were in trouble, wanted to go back to assist them. She had turned to the right and had stopped her car facing west, with the two southerly wheels on the paved portion of the road and the two northerly wheels on the unpaved part. The highway was sixty feet in width, the paved portion being eighteen feet wide. The rear light was burning, as were the headlights on the forward portion of the car. At the time of the accident plaintiff had alighted from her car and, having crossed and recrossed the road, was walking in a westerly direction on the northerly side of the road about three feet north of the paved portion thereof and about fifteen feet from her automobile.

Defendant approached plaintiff from behind and, as the court found, so negligently drove his automobile as to run upon and over plaintiff, inflicting serious injuries.

Among other findings were those to the effect that defendant violated the laws of the state of California by failing to sound his horn and by failing to turn to the left to pass the plaintiff's car. There was a general finding of defendant's negligence and more specific findings: "That said defendant carelessly and negligently failed to sound any horn or suitable signal upon approaching plaintiff's automobile standing on the highway.

"That the vision of the defendant through the windshield of his machine was obscured by the reflection of the headlight of a machine approaching from his rear.

"That said defendant carelessly and negligently failed to look around or to the side of his windshield, so as to observe the said plaintiff.

"That said defendant carelessly and negligently failed to observe the highway immediately in front of his automobile to avoid striking and injuring the plaintiff."

Appellant's first objection was that the court failed to pass upon his pleaded defense and to make findings thereon. His defense was that the glare upon his glass windshield from the lights of a machine behind him interfered with his vision; that in order to let the machine pass he slackened his speed and turned to the right side of the road; that he then discovered plaintiff's motionless car in front of him; that he determined to stop, and did stop, for the double purpose of allowing the machine with the glaring headlights to get in front of him and to offer aid to the occupants of the standing machine, if they needed it; that he had almost stopped when he first saw plaintiff about thirty feet behind her car, too late, however, to avoid striking her; and that all this time he was making every effort that a prudent person could make to avoid accident by shading his eyes with his hat and peering through the lower part of the windshield.

The court did find upon all of the essential matters pleaded in the answer. It was found: "That the vision of the defendant through the windshield of his machine was obscured by the reflection of the headlight of a machine approaching from his rear." [1] This finding is even

stronger than defendant's allegation, for admittedly his vision was not entirely shut off, yet the court found that it was "obscured." There was no finding that he did not strike the plaintiff when she was thirty feet from her automobile. [2] None was necessary, for it was found that the real distance was fifteen feet. This negatives, also, the allegation that he was stopping thirty feet from plaintiff's car.

[3] There was no necessity for a finding regarding his double purpose in stopping. None was necessary. His purpose was entirely immaterial to the issues involved. No purpose, however benevolent, excuses negligence. [4] There was no necessity for a specific finding upon the matter of the defendant's failing to look or looking through the lower part of the windshield while using his hat as a shade. The general finding of negligence covers this matter and the court found, also, that under all the circumstances it was negligence for him not to look around the end of the windshield. The other defensive allegations were completely negatived by the facts found.

[5] Defendant complains because, as he asserts, there was no finding on the issue of contributory negligence. There was an allegation that plaintiff's negligence was the proximate cause of the injury. The court found, however, after enumerating defendant's acts of negligence, "That each and every one of the foregoing negligent acts and omissions on the part of the defendant were the sole and proximate cause of the injuries sustained by the plaintiff as hereinafter set forth." This covers the subject of plaintiff's alleged negligence.

[6] Attack is made upon the two findings that defendant was negligent in failing to sound his horn. Admittedly, plaintiff saw the glare from his headlight and knew that a car was coming up from behind; therefore (so defendant argues), there was no use for an alarm and the laws of California do not require the sounding of a horn unless one means to pass another person or vehicle, and defendant, being about to stop, was not under the rule. The mere fact that plaintiff could see the glare of defendant's headlights was not enough. True, it apprised her of his approach, but not of the fact that *he was leaving the paved portion of the road* and running partly to the north thereof. She was justified in assuming (as she says she did) that he was

following the usual custom of drivers. (*Lawyer* v. *Los Angeles Pac. Co.*, 161 Cal. 53, [118 Pac. 237].) He was under the necessity of sounding a warning "whenever necessary." (Stats. 1915, p. 405, sec. 12.) That plaintiff had a right to be there cannot be denied (*Raymond* v. *Hill*, 168 Cal. 473, [143 Pac. 743]), and defendant was not absolved from the duty of giving her fair warning of his approach, if the circumstances made such warning necessary, merely because she could see the glare of his headlights. He was under the rule of section 20 (a) of the law of 1915, then in effect, which declares that, "The driver or operator of any vehicle in or upon any public highway shall drive or operate such vehicle in a careful manner with due regard for the safety and convenience of pedestrians." The plaintiff, hearing no unusual sound and seeing radiance that might have been caused by a car about to pass to her left, did not look back until the noise of the machinery became so loud as to frighten her. It was then, she said, too late, for at that moment the car was almost upon her.

Appellant also complains of the finding that he was negligent because when he found that his vision was obscured by the glare upon his windshield from the lights of the approaching automobile, he failed to look around the side of the shield. Obviously, he would be bound as a careful driver to stop as soon as he could reach a place by the side of the road, or to place himself in a position from which he could see the road over which he was driving. [7] He did not stop at once and if, under all the circumstances, looking around the end of the windshield was the only way in which he could safely proceed, then he was negligent in failing to adopt that plan. The same reason applies to the finding that he was negligent in failing to observe the highway immediately in front of the car which he was driving.

From the record it is evident that defendant was acting with carelessness of the most reprehensible sort.

Judgment affirmed.

Wilbur, J., and Lennon, J., concurred.

Hearing in Bank denied.

All the Justices concurred, except Shaw, J.