[L. A. No. 8742. In Bank.—April 15, 1927.]

OCIE HUBBARD, Respondent, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE — FINDINGS.—In an action for damages for personal injuries alleged to have occurred through defendant's negligence, where no finding was made upon the issue of contributory negligence presented by defendant's affirmative defense, the omitted finding cannot be supplied by implication, where neither the complaint nor the findings actually made assert that the negligence of the defendant was the sole and proximate cause of the injuries sustained by the plaintiff.

[2] ID.—FAILURE TO FIND—LACK OF ERROR.—A failure to find upon an affirmative defense does not constitute prejudicial and reversible error when the record fails to reveal any evidence tending to establish such affirmative defense.

[3] ID. — NEGLIGENCE OF THIRD PARTY — WHEN NOT IMPUTABLE TO PLAINTIFF.—One who is riding upon a refuse truck at the time of its collision with an electric car but who is not operating the truck, is not directly chargeable with any negligence which accompanies its operation and such negligence may not be imputed to him, he being responsible only for the exercise of ordinary care on his own part.

---

(1) 4 C. J., p. 779, n. 86, 90.   (2) 4 C. J., p. 1059, n. 99, 6.   (3) 29 Cyc., p. 544, n. 16.

APPEAL from a judgment of the Superior Court of San Diego County.   W. P. Cary, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Read G. Dilworth and V. F. Bennett for Appellant.

D. F. Glidden and C. W. Noyes for Respondent.

THE COURT.—This action was instituted by the plaintiff to recover damages for injuries alleged to have been sustained in a collision between one of the defendant's electric cars and a refuse truck on which the plaintiff was employed by the city of San Diego. At the time of the accident the refuse truck was being operated by one H. W. Preston, with whom the plaintiff was riding toward the city dumping ground. The complaint avers that said accident was caused by and resulted from the careless and negligent operation of the defendant's said electric car. In its answer the defendant denies the charge of negligence and affirmatively alleges that "the sole, only, proximate and contributing cause of any such injury or damage was the carelessness, recklessness and negligence of plaintiff." The action was tried by the court without a jury and judgment

---

2.  See 24 Cal. Jur. 946.

3.  Contributory negligence of guest injured while riding in automobile, notes, 20 A. L. R. 1026; 26 A. L. R. 1428; 40 A. L. R. 1341. See, also, 3 Cal. Jur. 848; 2 R. C. L. 1207.

for damages in the sum of three hundred dollars was entered in favor of the plaintiff. The defendant thereupon prosecuted this appeal from said judgment and the same was thereafter placed upon a special calendar of this court upon an order to the respondent to show cause why said judgment, should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of the cause upon said calendar, and the entry of the order to show cause, it appeared that the appellant's brief had been filed herein, but that no brief on behalf of the respondent had been filed, although the time for the filing of such brief under the rules of this court had long since expired. The respondent failed to appear upon the calling of said calendar and the order to show cause was thereupon submitted.

[1] It is urged by the appellant as a sole ground for reversal of said judgment that the trial court failed to find upon the issue of contributory negligence, which omission, it is asserted, constitutes reversible error. An examination of the record discloses that the trial court found, with certain enumerated exceptions not of importance here, that the allegations of the complaint were true. No finding was made, however, upon the issue of contributory negligence presented by the appellant's affirmative defense. Nor do we think that said omitted finding may be supplied by implication, as in *Woodhead* v. *Wilkinson,* 181 Cal. 599, 602 [10 A. L. R. 291, 185 Pac. 851], for in the instant case, as distinguished from the case cited, neither the complaint nor the findings actually made assert that the negligence of the appellant was the "sole and proximate cause of the injuries sustained by the plaintiff." We are of the opinion, however, for reasons presently to appear, that the judgment herein may be affirmed.

[2] While it is true that there are authorities to the effect that the issue of contributory negligence when raised by way of affirmative defense becomes a material issue upon which a failure to find constitutes reversible error (*Tucker* v. *United Railroads,* 171 Cal. 702, 704 [154 Pac. 835]; *Maxwell* v. *Auto Stage Co.,* 46 Cal. App. 548, 550 [189 Pac. 710]; *Huntington* v. *Vavra,* 36 Cal. App. 352, 354 [172 Pac. 166]), nevertheless it would appear that in the cases announcing such doctrine evidence had been adduced upon

the trial tending to establish said issue of contributory negligence. We are of the opinion, based upon a scrutiny of the record herein, that this appeal may properly be disposed of under that line of authorities which declares that a failure to find upon an affirmative defense does not constitute prejudicial and reversible error when the record fails to reveal any evidence tending to establish such affirmative defense. (*Mohr* v. *North Rawhide Min. Co.*, 177 Cal. 264, 265 [170 Pac. 600]; *McKelvey* v. *Wagy*, 157 Cal. 406, 409 [108 Pac. 268]; *Roberts* v. *Hall*, 147 Cal. 434, 439 [82 Pac. 66]; *Callahan* v. *James*, 141 Cal. 291, 294 [74 Pac. 853].) In *Klokke* v. *Escailler*, 124 Cal. 297, 300 [56 Pac. 1113, 1114], it is declared that "In *Wise* v. *Burton*, 73 Cal. 175 [14 Pac. 684], it was said: 'This court will not reverse for want of a finding on an issue with respect to which there is no evidence.' . . . "

[3] The inquiry is therefore narrowed to the single proposition of whether evidence was adduced upon the trial tending to establish said affirmative defense. As indicated above, the respondent was not at the time of the accident operating the refuse truck upon which he was riding. He may not, therefore, be directly charged with any negligence which might have accompanied its operation. Moreover, the negligence, if any, of the operator of the refuse truck may not, under the authorities, be imputed to the respondent. (*Irwin* v. *Golden State Auto Tour Corp.*, 178 Cal. 10, 14 [171 Pac. 1059]; *Parmenter* v. *McDougall*, 172 Cal. 306, 309 [156 Pac. 460]; *Meyers* v. *Southern Pac. Co.*, 63 Cal. App. 164, 168 [218 Pac. 284].) The respondent is responsible only for the exercise of ordinary care on his own part. An inspection of the record fails to reveal any evidence of negligence on his part.

The judgment appealed from is, therefore, affirmed.