[Civ. No. 5782. First Appellate District, Division Two.—July 11, 1927.]

ALTON B. MacMURTRY, Respondent, v. GEORGE J. FRATIES, Appellant.

L. A. Kottinger for Appellant.

Forrest M. Pearce for Respondent.

STURTEVANT, J.—The trial court awarded a judgment in favor of the plaintiff against the defendant and from that judgment the defendant has appealed under section 953a of the Code of Civil Procedure.

The first point made by the defendant is that the trial court made a finding which is not sustained by the evidence. The contention is correct, but it is of no benefit to the defendant, as will appear from a consideration of the following matters:

The charging part of the complaint is that the defendant was indebted "to the plaintiff in the sum of one thousand seventy-six ($1076) dollars, on an account for moneys lent by the plaintiff to said defendant and for money paid, laid out and expended by the said plaintiff to and for the use of said defendant at his request." To that complaint a demurrer of the defendant pleaded only that the complaint was insufficient. The complaint was not insufficient. It commingled (1) a cause of action for money lent, and (2) a cause of action for money paid, etc. After the action had been tried the trial court made findings in which it found that each and all of the allegations in plaintiff's complaint contained are true. Conceding that there was no evidence regarding "money lent by the plaintiff to said defendant," it is clear that if that allegation be stricken out the complaint would still be sufficient. (Code Civ. Proc., sec. 463.) A finding that all the allegations of the complaint are true is a sufficient finding to support the judgment. (*Fritz* v. *Mills*, 170 Cal. 449, 458 [150 Pac. 375].) The findings as made do not present a set of facts similar to the facts before the court in such cases as *Holt Mfg. Co.* v. *Collins*, 154 Cal. 265, 276 [97 Pac. 516].

As we understand the defendant he contends that a partnership existed between the plaintiff and himself, that no accounting has been had and therefore no judgment should have been rendered in favor of the plaintiff on a cause of action such as the plaintiff had alleged in his complaint. Whatever there may be in the contention, it is sufficient to state that no such issue was presented to the trial court by the pleadings as framed or otherwise.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.