[L. A. No. 10020. In Bank.—August 16, 1929.]

J. A. MERRILL, Appellant, v. GORDON & HARRISON
(a Copartnership), etc., et al., Respondents.

Paul C. Hill, Clyde Belford and Alberta Belford for Appellant.

Chas. L. Chandler and John F. Pool for Respondents.

CURTIS, J.—This action is for an accounting and for one-fourth of the net profits and income derived from the operation and development of certain real property and sale and distribution of oil and gas produced therefrom, and for specific performance of a contract to convey to plaintiff a one-fourth interest in said real property. Said action is predicated upon the following contract executed by the parties hereto:

"Oct. 7, 1921.

"Contract.

"Witnesseth:—That, for a valuable consideration receipt of which is hereby acknowledged, Gordon & Harrison, hereinafter designated as parties of the first part, doing business at 155 East Jefferson Street, Los Angeles, Cal., enter into the following contract with J. A. Merrill, hereinafter designated as party of the second part, to-wit:

"That the party of the first part agrees to compensate the party of the second part for the location of a certain piece of gravel land which the party of the first part purchased from Abel Moynier and Wife, to-wit:

"That as compensation, as above mentioned, party of the second part is to receive twenty-five per cent (25%) of the

capitalized stock for which said party of the second is to pay for out of the net profits of the concern in a period of two years.

"That when party of the second pays party of the first one-fourth of the purchase price of the land and equipment the rate of 7% interest on deferred payments, he will then become one-fourth owner of said land and is to derive one-fourth profits from said land from any material produced therefrom per right as owner of 25% of capital stock.

"Witness to which we hereby set our hand and our seal this seventh day of October nineteen hundred twenty and one, A. D.

> "GORDON & HARRISON
> > "By GEO. W. HARRISON
> > > "Party of the first part.
> "J. A. MERRILL
> > "Party of the second part."

It will be noticed that the only description of the real property contained in said written agreement is "a certain piece of gravel land which the party of the first part purchased from Abel Moynier and Wife, to-wit." The evidence shows that Gordon & Harrison, the defendants herein, designated in said agreement as "the parties of the first part," had on or about the twenty-fourth day of September, 1921, purchased from Abel Moynier and Jerondine Moynier, his wife, lot seven of Moynier's tract in the county of Los Angeles containing 17.76 acres of land, upon which there was located a deposit of sand and gravel. Parol evidence was admitted by the trial court for the purpose of identifying the property, which was the subject of the contract of date October 7, 1921. The plaintiff contended, and so testified, that the real property referred to and described in said contract was the whole of said lot seven of the Moynier tract, while the defendants contended that only the easterly five acres of said lot was the subject of their contract with the plaintiff. The plaintiff, who was a cement contractor, testified that some time before the contract was entered into between Gordon & Harrison and himself he located a deposit of sand and gravel upon said lot seven of the Moynier tract and immediately thereafter secured an option from Moynier and wife to purchase the same. He mentioned these matters to Gordon & Harrison, and, as a result of negotiations there-

after had, Gordon & Harrison purchased from Moynier and wife said lot seven of the Moynier tract, and to compensate plaintiff for his services for locating said sand and gravel deposit, they entered into the contract of October 7, 1921, and that the tract of land referred to in said contract was the whole of said lot seven. On the other hand, the defendants contended, and there was substantial evidence to support their contention, that the only portion of said lot seven containing any sand or gravel deposit was the easterly five acres thereof; that at the time they began negotiations with Moynier and wife, which resulted in the purchase by them of said lot seven, they ascertained that the sand and gravel deposit was upon the easterly five acres of said lot, and that they endeavored to purchase from Moynier and wife said easterly five acres for the purpose of establishing thereon a sand and gravel plant, but Moynier and wife refused to sell any part of said lot less than the whole thereof; that thereupon they purchased the whole of said lot, principally for the purpose of acquiring said easterly five acres, and to compensate the plaintiff for locating said sand and gravel deposit they gave to the plaintiff the contract of October 7, 1921, and that the tract of land intended by the parties thereto to be described therein was the said easterly five acres of lot seven of the Moynier tract. The identity of the real property sought to be described in said contract became important for the reason that after the date of said contract Gordon & Harrison constructed a rock and gravel plant upon said easterly five acres of said lot seven and operated the same until the latter part of the following August. The project proved a failure, and soon thereafter the plant was dismantled and the equipment and machinery removed therefrom. The plaintiff was placed in charge of said plant as superintendent thereof, and continued in that capacity until May 13, 1922, when he was discharged. Something over a year and a half after the abandonment of the sand and gravel project upon said lot seven, to be exact, on April 9, 1924, Gordon & Harrison leased said lot seven to certain parties for the purpose of prospecting, exploring, drilling and removing oil and gas therefrom. As a result of these explorations and developments oil was discovered upon said lot seven, but not upon any part of the easterly five acres thereof. Plaintiff now claims that he is entitled under his

contract with defendants to one-fourth of the net proceeds of all oil and gas produced from said lot, and for an accounting, etc. The trial court found that the property intended by the parties thereto to be described in said contract of October 7, 1921, was the easterly five acres of said lot seven and that no profits, net or otherwise, had ever been realized from said property.

The plaintiff has appealed and presents a number of assignments of error for our consideration and determination.

One of said assignments is the insufficiency of the evidence to support the findings, and particularly the finding of the court that the real property intended to be described by the parties in the contract of October 7, 1921, was only the easterly five acres and not the whole of said lot seven. We have set forth in a general way the evidence upon the question of the identity of the real property which was the subject of said contract. We deem comment thereon unnecessary. It is apparent there was a sharp conflict in the evidence as to the property which the parties intended to describe in said contract. Such evidence would undoubtedly have supported a finding in favor of either party. The trial court having accepted the evidence in behalf of respondents and found in their favor upon that issue, its determination thereof is not subject to review by this court.

Appellant further contends that the court erred in admitting testimony of the defendant Gordon that he did not want all of the property purchased and that he tried to buy only that portion of said lot seven on which was located the sand and gravel deposit. This testimony seems to have been given without any objection thereto from the appellant. The direct question was asked Gordon whether, when considering the purchase of the sand and gravel deposit, he wanted the portion of said lot outside of the sand and gravel deposit. No objection was made to this question and the witness answered it in the negative. He was then asked whether Mr. Moynier would sell the land containing the sand and gravel deposit without selling the whole lot. An objection was interposed to this question, which was overruled, and the witness answered it in the negative. Appellant makes no criticism of this ruling of the court. The evidence of Gordon that he did not want all of the property

purchased, and that he tried to buy only that part of the land containing the sand and gravel deposit, having been admitted without objection, its admissibility cannot be questioned on appeal.

Appellant complains that the court failed to find upon the respondents' pleas of laches and the statute of limitations. The court having determined that the appellant never had any interest in the proceeds from the oil and gas taken from the real property in question, the pleas of the respondents setting up laches on the part of the appellant and the statute of limitations, became immaterial issues, and it was not necessary for the court to make findings thereon. Our views as expressed above render it unnecessary for us to consider other points made in appellant's briefs.

The trial court upon sufficient evidence having found that the appellant had no interest in the land from which the oil and gas have been produced, it follows that the appellant has failed to establish any right, title or interest in or to said oil or gas, and therefore is not entitled to any of the proceeds therefrom, nor to any accounting thereof.

The judgment is affirmed.

Langdon, J., Shenk, J., Richards, J., Seawell, J., Preston, J., and Waste, C. J., concurred.