[Civ. No. 4735. Third Appellate District.—February 17, 1933.]

BYRON K. HACKLER et al., Respondents, v. W. S. TUBACH et al., Appellants.

Charles D. Swanner for Appellants.

James L. Davis and Sharpless Walker for Respondents.

BURROUGHS, J., *pro tem.*—This action arose out of an agreement between the plaintiffs and defendants for the exchange of real property.

Under the terms of the agreement defendants were to accept the property conveyed to them by the plaintiffs, subject to a mortgage for the sum of $32,500. During the course of the negotiations it developed that there were other debts owed by plaintiffs, which it was the desire of the parties to have adjusted and settled. Two of the debts referred to were judgments against the plaintiff Byron K. Hackler, which on the day the exchange was completed amounted to the sum of $1282.24. As the plaintiffs were without money to pay said debts, an estimate of the amount was made and the plaintiffs thereupon executed and delivered to the defendants their promissory note in the sum of $3,750, which sum included at their face value, the aforementioned judgments. To secure the payment of said note plaintiffs also executed a trust deed upon a portion of the real property which had been conveyed to them by the defendants in the exchange of property as aforesaid. The settlement of the amount actually due on this promissory note is the only issue involved in this suit. All items making up the total of the note have been satisfactorily adjusted except the amount to which the defendants are entitled under the aforementioned judgments against plaintiff. The court awarded plaintiffs a credit on said judgments for the full amount thereof. Defendants have appealed.

It is alleged in the complaint that to arrive at the amount for which said promissory note was given an estimate was made because the true amount could not then be ascertained for the following reasons: That at the time the promissory note and deed of trust were executed, ''there was a mutual, oral, contemporaneous, dependent agreement entered into

between plaintiffs and the said defendants W. S. Tubach and Della Tubach, wherein and whereby it was mutually understood and agreed . . . that the said judgments totalling on their face $1,264.74 as aforesaid, could be paid, settled and satisfied for approximately one-half of their face value; that the said defendants could possibly make a more advantageous settlement of said judgments than could the plaintiffs; and that the said defendants would make the best settlement of said judgments procurable and that the plaintiffs would be given credit on said promissory note and trust deed in the amount of the full face value, principal and interest, of the total of said judgments so to be paid by said defendants, and that said defendants would charge plaintiffs with only the actual amount paid by defendants in the payment and satisfaction of said judgments''. The foregoing allegations are followed by others that the defendants settled said judgments for the sum of $600, but irrespective of such settlements claim that the full amount of said judgments are due them from the plaintiffs. By their answer, the defendants deny the making of the agreement, but admit the settlement of the judgments for $600.

The court made general findings that all of the allegations of the complaint were true and supported by the evidence and that all of the allegations of the answer were untrue and were not supported by the evidence.

Evidence in support of the making of the agreement above set forth is in part as follows: A. R. Boyd testified that he was the real estate broker who arranged the exchange of the properties between the parties; that at the time of the exchange, Mr. Hackler said, referring to the judgments, " 'I can get a settlement on these judgments for half or less if I can have a week's time,' so Mr. Andrews, the escrow officer, spoke up and said, 'Mr. Hackler, why don't you have Mr. Tubach go out shopping on these judgments? Don't you think he can get a better settlement for you than you can for yourself?' He sided in with him and said that was a pretty good suggestion, 'perhaps he can'. He said, 'You just have Mr. Tubach go out shopping on these judgments, and see if he cannot get a better settlement than you can get yourself.' Then Mr. Tubach said if that was satisfactory with all concerned he would be willing to handle the matter for him if he would furnish him the names and addresses

of these parties and the attorney who was handling this case. Then that was agreed upon.''

The foregoing evidence is supported by that of the plaintiff Byron K. Hackler, who, in addition thereto, testified that he gave Mr. Tubach the names of the attorneys who handled the cases in which the judgments were entered against him, and that Tubach, after negotiating the settlement, consulted with him and he authorized Tubach to settle the judgments for $600. There is other evidence which supports the findings, but we can conceive of no good reason for discussing it further. True, the defendant W. S. Tubach and his witnesses deny such an agreement, but that merely presents a conflict in the evidence which it was the province of the trial court to decide and which it has already decided adversely to appellants.

■ Appellants contend that a general finding is insufficient to support the judgment and cites in support thereof, *Hall* v. *Mitchell,* 59 Cal. App. 743 [211 Pac. 853] , *Holt Mfg. Co.* v. *Collins,* 154 Cal. 265 [97 Pac. 516] , *Turner* v. *Turner,* 187 Cal. 632 [203 Pac. 109], and *Gordon* v. *Beck,* 196 Cal. 768 [239 Pac. 309], where it is held that a finding by a court that all the *material* allegations of a pleading are true or untrue, is insufficient because it is uncertain as to which of the findings the court deems material. However, it has long been the rule that findings, such as made in the case at bar, that *all* the allegations of a pleading are true or a finding that *all* of the allegations of a pleading are untrue, are sufficient. (*Fritz* v. *Mills,* 170 Cal. 449 [150 Pac. 375] ; *MacMurtry* v. *Fraties,* 84 Cal. App. 401 [258 Pac. 120] ; *Ferguson* v. *Koch,* 204 Cal. 342 [268 Pac. 342, 58 A. L. R. 1176].) There is no merit in the claim.

■ Reversible error is also predicated upon an alleged conflict in the findings of fact. The complaint contains allegations of fraud on the part of defendants in procuring the note and deed of trust. These allegations are denied in the answer. Under the general findings above referred to those allegations are found to be true. In the adjustment of the accounts between the parties the court also found that the defendants were entitled to a judgment on the said note in the sum of $572.79; this, it is claimed by appellants, establishes the validity of the note and purges the transaction of fraud. We do not so construe these findings. It

became the duty of the court to settle the differences between the parties and the mere fact that in the transaction it resulted that the defendants were entitled to recover a money judgment upon the note, would not be inconsistent with the findings upon the issue of fraud.

So far as a failure of consideration for the promissory note to the extent of $682.24 is concerned, it did fail to that extent because of the settlement of the judgments for the sum of $600 and the agreement of the parties that plaintiff should have the benefit of the difference between the face value of the judgments included in the note and the amount for which they were actually settled, and such finding is not inconsistent with the general findings.

The cases cited by appellants that where special issues are raised by the pleadings the parties are entitled to specific findings thereon are not in point. In *James* v. *Haley*, 212 Cal. 142 [297 Pac. 920], cited by appellants, special damages were alleged, item by item; each allegation was denied and evidence introduced on each allegation. The court found damages in a lump sum without any attempt to find on each issue. It was held error not to find on each separate issue of damages thus raised. In the case at bar the only item in dispute is the credit to be given on the note arising out of the settlement of the judgments above referred to and which is the only issue in dispute, therefore there could be no question as to the source nor the amount found due. Without further discussion of the other cases cited by counsel it is sufficient to say we have examined each one of them and in each there is some feature that distinguishes it from the instant case.

It is also claimed as error, that as the action was tried upon the issue as to whether or not the parties entered into a contemporaneous oral agreement at the time of the execution of the promissory note and deed of trust, appellants were entitled to a special finding upon that issue, as the court apparently decided the case upon an entirely different theory. In reply to this contention, it is a sufficient answer to say that under the authorities heretofore cited the general findings were sufficient to cover the issue, and is a finding that such agreement was actually made as alleged in the complaint, and the colloquy between the court and counsel

at the time of the trial as to another theory of the case held by the court, is immaterial.

Complaint is also made of a finding by the court that when the promissory note for $3,750 was given, it was not given to settle any particular obligation or obligations, for the exact amount which plaintiffs owed at the time and which were liens upon plaintiffs' property, could not be definitely determined, and the amount of said note was an estimate of the approximate amount only. It is claimed that this finding is not based upon any issue raised by the pleadings and is not supported by the evidence. An examination of the pleadings in detail and also the evidence does not, we believe, sustain appellants' contention, but even if it did, in the light of what has already been said it would not affect the judgment. There are no further questions requiring consideration.

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.