[Civ. No. 2363.    Fourth Appellate District.—August 5, 1940.]

E. J. BROOKS et al., Respondents, v. J. H. BAILEY et al., Appellants.

Luce, Forward & Swing, Phil D. Swing and Fred Kunzel for Appellants.

Raymond Thompson and George R. Kirk for Respondents.

GRIFFIN, J.—This is an action arising out of a collision between two trucks on a public highway, both traveling in the same direction. The truck and semi-trailer owned by respondent E. J. Brooks ran into the rear end of appellant J. H. Bailey's trailer and truck, resulting in damage to respondent Brook's truck and personal injury to plaintiff and respondent and Dan Zickler, the driver of that truck.

Respondents brought suit against Bailey, the owner of the other truck, and Zambrano, the driver of Bailey's truck, contending that their negligence in failing to have their truck and trailer properly equipped with lights was the proximate cause of the accident.

Appellant's answer denied this and in turn affirmatively charged that the accident was due to respondents' failure to use ordinary care to avoid a collision with the truck and

trailer and that the proximate cause of the collision was respondents' contributory negligence.

The case was tried without a jury. Judgment was entered for respondents in the sum of $660.51 for E. J. Brooks for damages to his truck and $500 to Dan Zickler for personal injuries and for costs. A motion for new trial was made and denied. This appeal is taken from the judgment.

On the evening of December 5, 1938, at 9:15 P. M., appellant Zambrano was driving the truck and trailer loaded with timbers on public highway number 99, about 23 miles west of Westmoreland, in Imperial Valley. The timbers were 12x12's, 40 feet long and overhung 9 feet 5 inches beyond the last part or support of the trailer. He was traveling at a speed of between 20 and 25 miles per hour. At the same time and on the same highway respondent Zickler was driving a truck with a semi-trailer which was unloaded. He was traveling at a speed of 35 miles per hour. Zickler testified that at all times and particularly immediately prior to the time of the collision, he was watching the road in front of him. The accident happened when respondents' truck overtook and rammed into the rear end of the timbers projecting beyond appellants' trailer. The timbers came through the windshield of respondent's truck. It was a clear, bright moonlit night and the moon was practically full. The highway at the point of the accident was an open road through the desert country and at the place in question was straight for a distance of approximately two miles. The surface of the road was dry and both trucks were traveling upgrade. The highway was a two-lane, thirty-foot macadamized road with additional oiled shoulders. There was moderate traffic going in both directions. At the moment of the collision a car coming from the opposite direction passed respondents' car but impaired Zickler's vision only to a small extent, as the driver of the oncoming car had dimmed its lights before passing. At the time of the accident appellants' trailer was not equipped with reflectors, as required by section 621, subdivision d of the Vehicle Code, and was not equipped with two taillights.

Respondent Zickler testified that he did not see any taillight whatever burning and visible at the time of the accident; that the overhanging load was not equipped with two red lights as required by section 626, subdivision a of the Vehicle Code; that the rear of the trailer and its load were devoid

of any bright surface such as glass, shiny metal, freshly painted surface, or anything else which would efficiently reflect light and increase their capacity for visibility; that immediately before the collision he saw something that had the appearance of a shadow or a resurfaced place in the road, the same as several other resurfaced places he had passed; that a split second later, and as the timbers were just about into or through the windshield, he for the first time was able to discern that what first appeared to be a shadow or resurfaced place in the road was an unlighted trailer loaded with overhanging moving timbers; that he made an effort to apply the brake, but was not sure that he ever got it applied.

Appellants concede that their truck and trailer were not lighted in every particular as required by the Vehicle Code, but contend that there was ample lighting to enable any driver using ordinary care and prudence to avoid the collision; that there were lights enough to enable other vehicles to pass safely and that therefore respondent Zickler should have seen them.

Zambrano testified that when he got to Whitewater just before dark, he checked his lights and took the trailer light off his trailer and extended it back and up to the end of the timbers; that he put it on the left-hand inside timber; that it was a red taillight; that he fastened it on there with a nail; that when he fastened on the taillight he checked the other lights; that he had four clearance lights and a taillight on his truck, and four clearance lights and a taillight on his trailer; that on the trailer two green clearance lights were on the front corners and two on the rear corners; that there was nothing obstructing those clearance lights in back; that he checked the lights when he started off from Truckhaven and they were burning.

Riding with Zambrano as guests on the Bailey truck were a Mr. and Mrs. Goodwin. Mr. Goodwin testified that he saw Zambrano check the lights on the truck at Whitewater just before dark; that there were two running lights on the side of the trailer, "either two or one"; that the taillight also was lit; that as far as he could remember it was up on one of the timbers on the left-hand side; that he actually saw it burning. Mrs. Goodwin testified to the same effect.

Appellants now contend that as a result of the above-mentioned testimony that appellants' lights had been ex-

amined and found burning only a short distance from the place of the accident and that this testimony was uncontradicted and that in view of impeaching statements made by Zickler, his testimony in reference to the lights to the effect that they were not burning was "so weak and uncertain as to be no denial at all" citing *Herbert* v. *Lankershim,* 9 Cal. (2d) 409 [71 Pac. (2d) 220], and argue that even if it were true that appellants' taillights and even clearance lights were not burning at the moment of collision, as contended by Zickler, still they had been examined and found burning a distance of ten miles from the place of the accident, and the fact that Zambrano had used care and caution in checking and examining the lights to see that they were in proper order and that they were then burning would excuse him from a charge of negligence in the event of their subsequently having gone out, citing *Butcher* v. *Thornhill,* 14 Cal. App. (2d) 149 [58 Pac. (2d) 179], *Nelson* v. *Signal Oil & Gas Co.,* 10 Cal. App. (2d) 448 [51 Pac. (2d) 885], *Yates* v. *Brazelton,* 108 Cal. App. 533 [291 Pac. 695], and *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 Pac. 675].

From an examination of the record there is an apparent conflict in reference to the number of lights and whether or not they were lighted at the time of the accident.

Zickler testified that after the accident both he and Zambrano looked at the end of the Bailey trailer and there were "no lights on it and no reflectors, and we made an inspection of the wire and he had no wire leading from the truck to the trailer"; and that on the timbers there were no lights. He further testified that Zambrano then stated to him that "the trailer had been out of use for some length of time and that he was sent up to San Pedro to get this load of house-moving equipment and he was supposed to be back before dark, and they sent the truck out without lighting equipment which should have been on it, that the state requires for them to carry, and he thought he would be back in before dark that evening".

Although there is in evidence a statement claimed to have been made by Zickler to the effect that "after the accident I found a light in my truck which had come off the other outfit. The driver of the other outfit said it was a light which he had taken off the rear of the trailer and had put on the extending timbers". Zickler, at the trial, testified that

"I had told the man I didn't know whether it came off the extended timber or whether it was off the refuse of my truck". A traffic officer appeared on the scene shortly after the accident and checked the lights on the trailer of appellants and "none of them were lighted" and "there were no reflectors or taillights on the rear of the trailer". Zambrano told the officer that he had taken the taillight off from over the license plate and put it on the timber. The officer testified that he was unable to find any wire leading from the license plate to the end of the timber which would indicate that a light had been there, although he did find a nail in the end of the timber. He further testified that the Goodwins told him that "they saw the lights on the truck, but, however, they did not go around to the rear of the trailer". We must therefore conclude that there was a substantial conflict in the evidence and that the trial court was justified in deciding that conflict in favor of respondents. We see no reason to disturb the finding of negligence on the part of appellants and that such negligence was the proximate cause of the accident and injury. The rule applied in *Nelson* v. *Signal Oil & Gas Co., supra,* and cases cited, do not prevent a recovery in the instant case. In view of the testimony of the officer, it is doubtful if Zambrano ever had a light burning at the end of the timbers, one of which protruded considerably beyond the others. ■ A particularly dangerous condition existed in reference to the overhanging and projecting timbers. A plain duty rested upon appellants to sufficiently guard against causing injury to others by virtue of the hazard described. (*Ellison* v. *Lang Transp. Co.,* 12 Cal. (2d) 355 [84 Pac. (2d) 510].)

■ The next contention is that the evidence, without substantial conflict, proves that respondents' contributory negligence was the proximate cause of the injuries complained of; that under the state of facts as testified to by Zickler himself, if true, it was entirely possible for him to have avoided the accident; that all he would have had to do after he saw appellants' truck was to have applied the brakes as required by law to stop in an emergency; that this would have reduced his speed to that of appellants' truck in time to have avoided a collision.

In this connection appellants have minutely diagramed a scale in reference to the number of feet within which a vehicle

must be able to stop and have endeavored to demonstrate by a mathematical calculation that had respondent Zickler braked his truck as required by law at the time he said he first saw appellants' truck and trailer in front of him, he would have reduced his speed to 20 miles per hour within a distance of 76 feet and could have avoided the accident, and that his failure so to do was contributory negligence barring a recovery. In this connection it is also argued that if Zickler were using ordinary care, he should have seen appellants' truck due to the surrounding conditions in reference to the light of the moon and the lights on approaching cars, citing *Jones* v. *Southern Pac. Co.*, 34 Cal. App. 629 [168 Pac. 586], *Young* v. *Southern Pac. Co.*, 189 Cal. 746 [210 Pac. 259], *Berlin* v. *Violett*, 129 Cal. App. 337 [18 Pac. (2d) 737], and *Commonwealth Ins. Co.* v. *Cement Co.*, 69 Cal. App. 165 [230 Pac. 995].

The further argument is used that because drivers of other cars traveling in the same direction had no difficulty in seeing appellants' truck and trailer as they overtook it and passed it on the highway, respondent should therefore have seen it. We are thoroughly convinced that the question of contributory negligence was thoroughly presented and argued to the trial court before judgment and on the motion for new trial. From the conclusion there reached, it becomes apparent that this issue was decided in favor of respondents and against appellants. Under the evidence, this conclusion cannot be disturbed. ■ In this respect, appellants have presented another point worthy of consideration. They have alleged an affirmative defense of contributory negligence on the part of respondents. In this connection, instead of finding directly and severally on that issue, the court has found "That it is true that on or about the 5th day of December, 1938, at the hour of approximately 9:15 P. M., plaintiff Dan Zickler was carefully and lawfully driving . . . a . . . truck and trailer . . . on Imperial Road, . . . that while plaintiff Dan Zickler was so driving said truck and trailer . . . the defendant Feto Zambrano ran and operated a certain Mack truck and trailer . . . in such a careless, negligent, wrongful and unlawful manner as to cause, and did cause, said trucks to collide, thereby causing damage . . . "

Appellants now contend that since there was abundant evidence in the record to have supported a finding, if one had

been made, that plaintiffs were guilty of contributory negligence, the omission of the court to find on this issue was reversible error, citing *Due* v. *Swartz*, 22 Cal. App. (2d) 217 [70 Pac. (2d) 716], *Hall* v. *Kaufman*, 30 Cal. App. (2d) 283 [86 Pac. (2d) 151], and *Hubbard* v. *San Diego Elec. Ry. Co.*, 201 Cal. 53 [255 Pac. 508]. From the evidence it does not appear that respondents were guilty of contributory negligence as a matter of law, and while there was no separate and distinct finding on the question of contributory negligence, in view of the holding in *Arrelano* v. *Jorgensen*, 52 Cal. App. 622 [199 Pac. 855], to the effect that a finding in an action for negligence that the plaintiff was in the exercise of "due care and circumspection" was a sufficient finding that he was not guilty of contributory negligence and that a judgment will not be reversed for failure to find upon the issue, if the omitted finding would have been adverse to the appellant, and in *Menefee* v. *Raisch Imp. Co.*, 78 Cal. App. 785 [248 Pac. 1031], where it was held that a finding that plaintiff was "driving in a careful and prudent manner" was a sufficient finding on the issue of contributory negligence, we do not feel, under the facts of the instant case, justified in ordering a reversal merely for the purpose of having the trial court make the finding on that issue more specific.

Judgment affirmed.

Barnard, P. J., concurred.