[Civ. No. 2690.   Fourth Dist.   Mar. 24, 1942.]

DONALD L. POWELL et al., Respondents, v. GLENN M. JOHNSON, as Administrator, etc., Appellant.

Russell & Heid for Appellant.

Harvey, Johnston & Baker for Respondents.

MARKS, J.—This is an action to foreclose a mortgage on real property in Kern County. Plaintiffs were given the usual decree of foreclosure directing that the property be sold to pay $6,500, the principal of the secured note, $4,389.72, accrued interest, $40, cost of the title search, and $1,250, attorneys' fees.

Earl F. Long loaned Isaac H. Vogle, his aged uncle, various sums of money over a period of years, taking notes secured by mortgages on Tulare and Kern County properties.

The documents affecting the Tulare County property are the following: Note for $2,000, dated January 3, 1922, secured by a mortgage recorded January 13, 1922. Release of this mortgage recorded June 21, 1929; note for $2,980, dated December 28, 1928, secured by a mortgage recorded December 29, 1928. Contract dated December 4, 1933, pertaining to the last mentioned note and mortgage reciting that "the balance owing upon said promissory note is $1,500.00" and extending the due date of that sum to "on or before the 28th day of December, 1938."

The documents affecting the Kern County property are the following: Note for $1,800, dated September 14, 1923, secured

by a mortgage recorded September 22, 1923. Release of that mortgage recorded June 21, 1929. Note for $3,207.66, dated June 15, 1929, secured by a mortgage recorded on June 21, 1929. Release of that mortgage recorded December 6, 1933. Note dated December 15, 1932, for $6,500, secured by a mortgage recorded December 6, 1933.

There was also an unsecured note dated June 19, 1929, for $50.

All of the foregoing notes were signed by Mr. Vogle and were made payable to Mr. Long who died on May 5, 1935, a resident of Franklin County, Ohio, where his estate was probated. Ancillary letters were taken out in Tulare County. Ownership of the unpaid notes together with the mortgages passed to plaintiffs.

Actions were started in Tulare and Kern Counties against Vogle to foreclose the mortgages. Vogle died and the actions were continued against Glenn M. Johnson as administrator of the estate.

The Tulare County action was tried first. While the pleadings are not before us it is apparent from the findings that a special defense was interposed putting in issue the total amount of the indebtedness, alleging that it was less than the $8,000 principal of the two notes and asking for an accounting to determine the amount due and unpaid on the notes.

It was found in that action that the sum of $1,500, represented by the note there involved, was due and unpaid. That court expressly refused to go further into the question of the total amount due and unpaid on the two notes and "expressly makes no findings on said matters." Counsel for defendant states that, as the pleadings admitted a total indebtedness of more than $1,500, this admission furnished the reason for the foregoing holding by the Tulare County Superior Court. This statement is not denied by counsel for plaintiffs. Judgment was rendered for $1,500, principal, $792.81 accrued interest, and $121 attorneys' fees, with the usual decree of foreclosure.

The same defenses were interposed in the instant case. The fact of the pendency of the Tulare County action was affirmatively pleaded and it was aleged that the total indebtedness for which the two notes were given did not exceed the sum of $4,000. An accounting was asked to determine the amount of the debt.

In the instant action the trial court found that the $6,500 note was given "for value received" but did not find the amount loaned by Long to Vogle and expressly refused to find on the special defenses which included the defense that the total indebtedness did not exceed the principal sum of $4,000.

It is a thoroughly established rule in California that the maker of a promissory note may prove the actual consideration given for it and may prove that the actual amount of the indebtedness is less than the face of the note. (*Richardson* v. *Lamp*, 209 Cal. 668 [290 Pac. 14] ; *Singh* v. *White*, 111 Cal. App. 683 [296 Pac. 119] ; *Cooper* v. *Cooper*, 3 Cal. App. (2d) 154 [39 Pac. (2d) 820].) This being true the special defenses presented a material issue on which the trial court should have made findings.

In 24 Cal. Jur., 940, 941, the following rule is announced:

"It has been repeatedly affirmed that where a court renders a judgment without making findings upon all material issues of fact, the decision is against law, and constitutes grounds for granting a new trial in order that the issues of fact may be determined, or for reversal upon appeal, provided it appears that there was evidence introduced as to such issue and the evidence was sufficient to sustain a finding in favor of the party complaining." (See, also, *James* v. *Haley*, 212 Cal. 142 [297 Pac. 920] ; *Matthiessen* v. *Grand*, 92 Cal. App. 504 [268 Pac. 675].)

Defendant introduced evidence tending to show that the total principal sum of the indebtedness for which the two notes were given was considerably less than the $8,000 total of the two notes. Evidence to the contrary was introduced by plaintiffs. Thus a material issue was presented both by the pleadings and the evidence upon which the trial court erroneously refused to find.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 13, 1942.