[Civ. No. 6856.    Third Dist.    June 29, 1943.]

WM. F. PETERSEN et al., Respondents, v. CLARENCE E. MURPHY et al., Appellants.

Jos. H. Huberty for Appellants.

A. N. Perovich and Snyder & Snyder for Respondents.

ADAMS, P. J.—This action was brought by plaintiffs to determine the exact location and boundaries of a mining

claim which had been excepted from a United States patent to the SE¼ of the NW¼ and the NE¼ of the SW¼ of sec. 3, T. 6 N., R. 12 E., M.D.B.&M. Plaintiffs had acquired the patented land and defendants the mining claim. It appears that a segregation survey had been made by the United States in 1881, but that the field notes of same had been lost in the San Francisco fire of 1906. The area claimed by defendants to constitute the mining claim as excepted from the patent, covered a part of what plaintiffs claimed was the segregated area, but included a portion in dispute, upon which disputed portion defendants had erected certain improvements consisting of a dwelling house, a water tank, etc., used in connection with their mining operations.

Plaintiffs' complaint is in two counts. The first count is in the usual form of an action to quiet title to the SE¼ of the NW¼ and the NE¼ of the SW¼ of sec. 3, T. 6 N., R. 12 E., M.D.B.&M., excepting therefrom a specifically described tract containing about nine acres representing what plaintiffs claimed to be a correct description of the segregated area. The second count alleges a trespass by defendants upon plaintiffs' land and the extraction of ore therefrom to plaintiffs' damage in a specified sum.

Defendants answered denying plaintiffs' claim of ownership and alleged defendants' ownership of the mining claim, giving a specific description of same in accordance with their own ideas as to its location and boundaries. They also alleged that they, by their predecessors, had taken possession of said quartz mining claim as described by them, and that ever since July 25, 1929, they had been in the actual, open, visible, notorious, exclusive, continuous, uninterrupted, quiet and peaceable possession of "said land," "under a claim of right, holding· and claiming to own the same adversely to plaintiff, and all other persons," and that they had "paid all taxes levied on and/or assessed against" same for a period of five years and more immediately preceding the filing of plaintiffs' complaint. They denied generally the allegations of plaintiffs' second cause of action. As separate defenses they pleaded the statute of limitations, their construction upon the land as described by them of the improvements above mentioned, and the carrying on by them of extensive mining operations thereon, all with the knowledge of plaintiffs and their predecessors in interest throughout a period of eleven years, and that plaintiffs and their predecessors had full knowledge of defendants' possession and improvements, made

no claim therefor and acquiesced in all things done by defendants thereon. They also alleged laches on the part of plaintiffs and their predecessors in that they had not commenced any proceedings within the eleven years, though they had knowledge of all of the foregoing facts.

At the conclusion of the trial the court made findings to the effect that about October 1, 1883, the United States Government had issued a patent to the SE¼ of the NW¼ and the NE¼ of the SW¼ of said sec. 3, T. 6 N., R. 12 E., M.D.B.&M., excluding therefrom the so-called Manzanita Quartz Claim and adjoining area; and describing said excluded area as same was described in plaintiffs' complaint. It also found "that at all the times referred to in plaintiffs' complaint, plaintiffs were, and now are, the owners and possessed and entitled to the possession of the above described premises, excepting the segregated area last above described, and that the defendants have not, nor has either of them, any right, title, or interest whatever, of, in, to, or upon the said premises so conveyed by the United States Government to said Alexander L. Harding, as above described"; also "that all of the allegations alleged in the first cause of action pleaded in plaintiffs' complaint herein, as amended, are true and correct, and that all of the denials thereof, and all of the allegations of the defendants contrary thereto, in their answer in said proceeding are untrue." As to plaintiffs' second cause of action it found that defendants had "wilfully, wrongfully, and unlawfully, and against the will of plaintiffs," entered upon plaintiffs' ground and mined ore therefrom, but that the trespass was without malice and the cost of extraction exceeded the values derived, and that plaintiffs had, therefore, suffered no damage. It found that defendants were the owners of the segregated area "as above described" and that "any and all allegations contained in said cross-complaint inconsistent with or contrary to the latter finding of fact, are not true."

It also found that "through mistake" defendants had erected improvements upon plaintiffs' premises and that said improvements were so constructed upon plaintiffs' said premises without any knowledge, deception, concealment or fraud on the part of the said plaintiffs, but that it would be equitable to permit defendants to remove the said improvements from the plaintiffs' said premises; and by the judgment

which followed defendants were given six months within which to remove the said improvements.

Defendants have appealed, contending that the trial court committed reversible error in failing to find on the affirmative defenses pleaded by them, to-wit: adverse possession, statute of limitations, estoppel and laches. They assert in their brief that on all of these defenses evidence was offered and received and that the evidence leads to the conclusion that appellants were the sole possessors of their improvements and the lands upon which they were located, that they made that their home for eleven years continuously preceding plaintiffs' action and were never molested in their enjoyment, that they alone carried on mining operations and work thereon, undisturbed, through said period, that they asserted ownership under a claim of right adverse to plaintiffs, but plaintiffs never claimed, and in fact disavowed in court, any claims to the improvements, that appellants paid taxes on their claim continuously from 1931 to 1941, that plaintiffs have never been in possession of the "Manzanita Claim" or any part thereof at any time within eleven years, that plaintiffs' predecessor knew of the construction of appellants' improvements, their expenditure of time, money and labor thereon, and made no objection thereto nor any claim thereto, and that plaintiffs and their predecessors slept on their rights, if any, for eleven years.

It is well established that unless waived full findings are required on all material issues raised by the pleadings and evidence in a case (24 Cal.Jur. 935-936); that where a court renders a judgment without making findings upon all material issues of fact, the decision is against law, and constitutes ground for granting a new trial *provided* it appears that there was evidence introduced as to such issue and the evidence was sufficient to sustain a finding in favor of the complaining party if the omitted findings might have the effect of countervailing or destroying the effect of the other findings (24 Cal.Jur. 940-941; *Powell* v. *Johnson*, 50 Cal.App.2d 680, 683 [123 P.2d 875]; *Wilcox* v. *West*, 45 Cal.App.2d 267 [114 P.2d 39]).

But it is equally well established that the findings of a court are to receive such a construction as will uphold rather than defeat its judgment thereon (*Breeze* v. *Brooks*, 97 Cal. 72, 77 [31 P. 742, 22 L.R.A. 256]), and are to be read and considered together and liberally construed in support of the judgment (*Menghetti* v. *Dillon*, 10 Cal.2d 470,

472 [75 P.2d 596]; *Cornell* v. *Hollywood Turf Club*, 32 Cal. App.2d 204, 208 [89 P.2d 449]); and that ■ if findings are made upon issues which determine a cause, other issues become immaterial and a failure to find thereon does not constitute prejudicial error (24 Cal.Jur. 947; *Merrill* v. *Gordon & Harrison*, 208 Cal. 1, 6 [279 P. 996]).

■ We shall consider first whether the findings were sufficient to constitute findings upon all the material issues in the case. As hereinbefore pointed out, defendants alleged ownership of the land as described by them, and adverse possession; and set up, as special defenses, the statute of limitations, estoppel and laches. The court found that plaintiffs were and at all times alleged in their complaint had been and were the owners, possessed, and entitled to the possession of the premises as described in their complaint (which included the disputed area), and that defendants have no right, title or interest whatever in or to said premises. Also that all of the allegations alleged in plaintiffs' first cause of action were true, and that "all of the *denials* thereof, and all of the allegations of defendants contrary thereto, in their answer in said proceeding are untrue." Also it found that defendants were the owners of the segregated area as described in the findings and in plaintiffs' complaint (which omitted the contested area) and that "any and all allegations contained in said cross-complaint inconsistent with or contrary to the latter finding of fact, are not true."

It has been held in numerous cases that a finding that all of the allegations of a pleading are true or are untrue is sufficient. (*Hackler* v. *Tubach*, 129 Cal.App. 680, 684 [19 P.2d 295]; *Fritz* v. *Mills*, 170 Cal. 449 [150 P. 375]; *MacMurtry* v. *Fraties*, 84 Cal.App. 401 [258 P. 120]; *Ferguson* v. *Koch*, 204 Cal. 342 [268 P. 342, 58 A.L.R. 1176]; *Hicks* v. *Reis*, 21 Cal.2d 654, 662 [134 P.2d 788]; *Stevens* v. *Stevens*, 215 Cal. 702, 705 [12 P.2d 432]; *Carr* v. *International Indemnity Co.*, 58 Cal.App. 614, 617 [209 P. 83].)

■ Also, it is not necessary to make specific findings as to each of several material issues where the findings, taken as a whole, or construed together, clearly show that they include the court's conclusion upon the material issues. (*Bowers* v. *Union Trust Co.*, 117 Cal.App. 259, 264, 265 [3 P.2d 614].)

■ If the findings made necessarily negative the allegations of defendants' answer as to which specific findings are

534

not made, the findings are sufficient. In *Remillard Brick Co.* v. *Remillard-Dandini Co.*, 51 Cal.App.2d 744 [125 P.2d 548], in an action on a promissory note, the defenses of payment and failure of consideration were interposed. The court found a certain amount paid, leaving a specified balance due, and further found that "none of the allegations of defendant's answer except as herein set forth and incorporated are true." On appeal the sufficiency of the findings was attacked, but the court said (p. 749): "On the issue of payment, the trial court found the amount paid and the amount remaining owing and unpaid on each note. On the issue of failure of consideration, the general finding above quoted was a finding against the allegation of defendant's answer creating that issue." Also, see, *Winsette* v. *Winsette*, 47 Cal.App.2d 308 [117 P.2d 897]; *Eastman* v. *Piper*, 68 Cal.App. 554, 559 [229 P. 1002]; *Winder* v. *Winder*, 18 Cal.2d 123 [114 P.2d 347].

Thus it seems that special facts need not be detailed in the findings if a general finding necessarily embodies an implied finding on such special facts. Here the general finding of ownership in plaintiffs at all times, and the finding that defendants have no right, title or interest in the premises, negative defendants' claim of title by adverse possession, and it is further negatived by the finding that all of the allegations of plaintiffs' first cause of action are true and that all of the allegations of defendants' answer contrary thereto are untrue. These findings likewise negative the allegations of defendants' special defenses.

In *Haigler* v. *Donnelly*, 18 Cal.2d 674, 676 [117 P.2d. 331], the court said that there was no error in the failure of the trial court to make an express finding upon an issue if it was implicit in the findings made, and that there is no necessity to negate contradictory allegations. And in *New Blue Point Mining Co.* v. *Weissbein*, 198 Cal. 261 [244 P 325, 45 A.L.R. 781], the court said that the affirmative findings of the trial court on certain issues by necessary implication carried with them a negative finding of the truth of facts alleged in opposition thereto. And in *Woodhead* v. *Wilkinson*, 181 Cal. 599 [185 P. 851, 10 A.L.R. 291], a finding that defendant's negligence was the sole proximate cause of injuries sustained in an accident was said to imply a finding that plaintiff was not guilty of contributory negligence.

However, if we were to assume that the findings as made do not cover all material issues raised by the plead-

ings, failure to find on an issue is not ground for reversal unless it appears that there was evidence introduced as to such issue sufficient to sustain a finding in favor of appellant (24 Cal.Jur. 940, 941; *Powell* v. *Johnson,* 50 Cal.App.2d 680, 683 [123 P.2d 875]); and where a finding if made, would necessarily have been against appellant, he. cannot complain of the lack of such finding (*Moore* v. *Hoar,* 27 Cal. App.2d 269 [81 P.2d 226, 238]; *Johnson* v. *Peck,* 90 Utah 544 [63 P.2d 251, 254]; *Consolidated Irrigation District* v. *Crawshaw,* 130 Cal.App. 455, 462 [20 P.2d 119]; *Brooks* v. *Bailey,* 40 Cal.App.2d 310, 316 [104 P.2d 854]; 24 Cal.Jur. 944).

Appellants assert in their brief that the evidence conclusively establishes appellants' affirmative defenses to the exclusion of any contrary findings, but they do not set forth said evidence but on the contrary say that it "would be a waste of time and space to review the entire record" to prove that the record leads to such conclusions. Such being their position, they cannot expect this court to waste either time or space in an endeavor to find and set forth evidence to sustain the issues upon which appellants claim the court failed to make findings. And since counsel for appellants have not found it worth while to point out such evidence we shall assume that there is none such; and in the absence thereof a failure of the trial court to make findings thereon cannot be held to be reversible error.

Section 953c of the Code of Civil Procedure provides that where, as here, an appeal is taken by the alternative method provided by section 953 et seq. of said code, in filing briefs in said appeal the parties must print in their brief, or in a supplement thereto, such portions of the record as they desire to call to the attention of the court. In *Keele* v. *Clouser,* 92 Cal.App. 526, 533 [268 P. 682], the court said:

"This court is not required to search the typewritten record in order to discover possible grounds for a reversal. If the appellant fails to print in his brief or supplement sufficient of the record to justify a reversal of the judgment, it will be affirmed on the ground that the record fails to show error. (*Estate of Berry,* 195 Cal. 354, 358 [233 P. 330]; *Steineck* v. *Coleman,* 72 Cal.App. 244 [236 P. 962].)" (Also, see, *Jeffords* v. *Young,* 197 Cal. 224, 229 [239 P. 1054]; *Dahlberg* v. *Dahlberg,* 202 Cal. 295, 298 [260 P. 290]; *Wilshire Oil Co.* v. *Star Petroleum Co.,* 93 Cal.App. 437, 441 [269

P. 722]; *Turell* v. *Anderson*, 16 Cal.App.2d 445, 451 [60 P.2d 906].)

Appellants have entirely failed to comply with this rule. Also, though proposed findings were duly served upon defendants, it does not appear that they proposed any different or additional findings, or that they requested any change or revision of same on motion for a new trial.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied July 28, 1943.